## LIES *v.* DE DIABLAR AND DE LA GUERRA, Executor of PEDRO DIABLAR, DECEASED.

A mortgage of the homestead of the family, executed by the husband only, is void. To make such mortgage valid, the wife should join with the husband in the execution of it.

Abandonment and adultery on the part of the wife will not divest the homestead of its character as such, nor will it defeat or impair her right to it as a homestead.

The homestead right is as much for the benefit of the children as for the benefit of the wife.

An order of the Probate Court setting apart property as a homestead, will not defeat a mortgage which has properly vested as a lien upon the property, where the mortgagor was not a party to such proceedings.

It does not matter when or how the homestead was acquired, or whether it was common or separate property ; it can only be conveyed in the manner prescribed by law.

Appeal from the Second District, County of Santa Barbara.

This was a bill to foreclose a mortgage.  The bill alleges, that previous to the year 1846, Pedro Diablar (the mortgagor) and Tomasa ᵀadillo were married according to the laws then in force in California. After the marriage, and previous to the year 1849, Pedro Diablar became seized of a certain lot of ground upon which he erected a dwell-

ing-house, which was the home of the family.    That in the year 1852, Tomasa Badillo, wife of the said Pedro, eloped from her said husband, and lived an adulterous life.    That at the time of her elopement she 'left two children with the husband.

On the twenty-sixth of April, 1853, the said Pedro made his will, in which he acknowledged his marriage with Badillo, and stated that by her he had two children, who were then minors, and whom he declared his sole heirs to his property.    " Also, I divest and deprive my aforesaid wife from the title or right that she may have in this property, for having abandoned her obligations and tender children, as is publicly notorious in this place."

On the eleventh day of July, 1854, the said Pedro executed and delivered to plaintiff a certain mortgage of the premises occupied as a homestead—the substance of the mortgage is set out—which was acknowledged and recorded.

On the twenty-seventh of October, 1854, Pedro died, without having revoked his will.    At the time of his death, the full sum of money specified in the mortgage was due and unpaid.    That the will was admitted to probate, and letters testamentary were granted thereon.    That subsequently plaintiff presented his mortgage to the executor and Probate Judge, and the same was approved and allowed by both of them. That the children of Pedro and his widow claim to have some right in the mortgaged premises, and that such claim is set up by virtue of an order of the Probate Court setting apart said premises to the widow and children as a homestead ; and that plaintiff was not a party to said proceeding, and had no notice of the same.    The bill then concludes with the usual prayer for the sale of the premises, etc., to satisfy said mortgage debt.

Defendant demurred to the bill on three grounds :

1st. The Court has no jurisdiction of the subject of the action.

2d. The complaint does not state facts sufficient to constitute a cause of action.

3d. Right of the parties has been determined by the Probate Court setting apart the premises to defendants as a homestead.

The Court sustained the demurrer, and judgment was entered for defendants.    Plaintiff appealed to this Court.

*Eugene Lies* for Appellant.

I. The assignment of homestead in the premises to the widow by the Probate Court, cannot be considered an adjudication. It was *inter alius acta*, as amply shown by the pleadings. This plaintiff had no notice, and was not a party to that proceeding.

II. The deceased, Peter Diablar, whose wife had eloped from him, executed alone a mortgage of the homestead. Furthermore, he made a will, whereby he disinherited his adulterous wife. All this we contend he had a right to do, and the mortgagee's cause of action rests upon that right. Story's Conflict of Laws, secs. 84, 87, 102, 103, 112, 225, 138.

*Isaac Hartman* for Respondents.

I. The Court below had no jurisdiction of the case.

When a claim has been presented to the Probate Court, and allowed, the District Court has no jurisdiction. Ellison *v.* Halleck *et al.*, 6 Cal. 386 ; Belloc *v.* Rogers, 9 Cal. 143 ; Hentsch *v.* Porter, 10 Cal. 559.

II. In law, the premises were the homestead of the family, and the execution of the mortgage by the husband alone did not affect the homestead right of the wife and children. McHenry *v.* Moon, 5 Cal. 90 ; Sargent *v.* Wilson, 5 Cal. 504 ; Poole *v.* Genard, 6 Cal. 234 ; Revalk *v.* Kraemer, 8 Cal. 66 ; Buchanan's Estate, 8 Cal. 507 ; Dunn *v.* Sozer, 10 Cal. 167.

III. The order of the Probate Court setting aside the premises as a homestead was a protection against creditors. Rix *v.* McHenry, 7 Cal. 89.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

We think that the plaintiff below cannot maintain his claim, to subject to his mortgage, executed in 1854, the premises, (to the extent of $5,000 in value) for the reason that these were the homestead of the family. The adultery or abandonment by the wife did not divest the property of the character of homestead. It is not material when the title to the homestead accrued. It was within the competency of

21

Lies *v.* De Diablar.

the Legislature to declare what property should be exempt from forced sale, and what should be the mode of its disposition, provided antecedent claims of creditors or others were not affected by the law. The Legislature has provided that the homestead should not be sold except in a particular way, which is, by the wife joining the husband in the deed. It is a mistake to suppose that this provision was solely for the benefit of the wife. It was as much for the benefit of the children. The husband can make no disposition of the property except in the statutory mode, and it does not descend as assets of the estate if he leaves a family.

It is not necessary to inquire whether the husband could make any disposition of the estate by will, which would deprive the wife, under the circumstances, of her right to participate in the benefits of the homestead; though we do not see that the statute has made the crime of adultery, or abandonment, or desertion by the wife of the homestead, or of the family, a cause of defeating or impairing her right.

The proceedings of the Probate Court—the plaintiff not having been a party—were not, of themselves, operative to defeat his claim to this property; but the radical objection to the plaintiff's recovery is, that no title, under the facts stated, inured to him—the deed of the husband alone to the homestead premises being simply void.

We think it not material to inquire what the Mexican law prevailing at the time of the marriage was; nor at what time the property was acquired; nor whether it was common or separate property. For, as before intimated, the Legislature could constitutionally declare the modes of transfer of property to take effect *in futuro*, subject only to the provision that rights already vested had not intervened. No man has any vested right to dispose of any property, by whatever title he holds, in any way other than that which the law prescribes. The law might prescribe that real estate of every kind should only pass by deed of husband and wife; it has prescribed that a particular description of real estate—the homestead—should only pass in this way; and it is not material by what title or when the party acquires the property.

The judgment is affirmed.