[No. 4,003.]

## JOHN L. GREEN v. JARVIS SWIFT.

DEED OF WIFE'S SEPARATE PROPERTY.—If the statute requires the deed by which the separate estate of a married woman is conveyed to be signed by both the husband and wife, it is doubtful whether the husband can, by a power executed by himself alone, delegate to an attorney in fact, the power to sign his name to a conveyance of his wife's separate property; but if he can do so, the power of attorney must expressly, or by necessary implication, confer the power.

EJECTMENT to recover a tract of land in Santa Barbara County.

The action was commenced March 9, 1870. The demanded premises, on the 30th day of March, 1861, were conveyed by Alfred A. Green to Dolores L. Green, his wife, and thus became her separate property. The plaintiff, to recover, relied on a deed of the demanded premises given him by said Green and wife, duly acknowledged, so as to pass the wife's separate property, dated March 10, 1865. The power of attorney given by the husband to Slosson, was dated May 23, 1863. Under this power, the wife, Dolores, and the husband, by Edward Slosson, his attorney in fact, conveyed the premises to the defendant, on the 24th of September, 1864. Both deeds were recorded soon after they were given. The defendant had judgment, and the plaintiff appealed. The briefs of counsel recite the

only parts of the power of attorney, which bear on the case. The power was given at Mazatlan, Mexico.

The other facts are stated in the opinion.

*B. S. Brooks* and *William Leviston*, for the Appellant.

The power does not authorize Slosson to make sale of, or to do anything with the property belonging to Dolores L. Green, or to consent thereto, or to acknowledge any conveyance thereof for Alfred A. Green. The property was the separate property of Dolores A. Green, wife of Alfred A. Green. A power of attorney to attend " to all business affairs appertaining to real or personal estate," is too indefinite to sustain a sale of real estate. (*Lord* v. *Salmon*, 2 Cal. 498; *Rossiter* v. *Rossiter*, 8 Wend. 494; *Fisher* v. *Salmon*, 1 Cal. 413.)

General words in a power of attorney must be construed with reference to matters specially mentioned. (*Taylor* v. *Robinson*, 14 Cal. 396; Story on Agency, Sec. 62; also Sec. 21; 8 Abb. N. Y. Dig., p. 501, and cases cited.)

*C. E. Huse*, for the Respondent.

The language of the power of attorney was sufficient to enable the constituent to represent Green as consenting to the sale of the separate estate of Dolores A. Green, his wife. " In the fullest and best form that he by right may have, he grants his full and sufficient power, as it may be required and necessary, to Mr. Edward Slosson, resident of San Francisco, Upper California, generally both to transact all his business and affairs. * * * So that he may sell, in conformity to right, whatever farms may belong to the grantor, receiving the products at once or at stated times, as may suit the purchasers." And all the powers granted were " without any limitation whatever."

The husband had no title to convey in the separate estate of his wife. He had only the right to assent or dissent, to approve the transaction or disapprove it. His joining in the deed was not for the purpose of passing the title. It was as a precaution against imposition, or to afford her his protection or similar reasons of policy, or to evidence his

renunciation of the right to manage it. (*Ingoldsby* v. *Juan*, 12 Cal. 576.)

By the Court, RHODES, J.:

Both parties claim title through Dolores L. Green, wife of A. A. Green. The deed under which the defendant deraigns his title, was executed in 1864, by Dolores L. Green, and also purports to have been executed by A. A. Green, by Edward Slosson, his attorney in fact. A power of attorney, made by A. A. Green to Slosson, was introduced in evidence, against the plaintiff's objections. The law in force at the time of the execution of the deed required the deed, by whom the separate real estate of a married woman is conveyed, to be signed by both husband and wife. It admits of serious doubt whether the husband can, by a power of attorney, executed by himself alone, delegate to an attorney in fact, the power to sign his name to a deed of conveyance of his wife's property; but without deciding that question, we are clearly of the opinion that if it be competent to the husband to delegate his authority to sign the deed of his wife, the power of attorney must expressly, or by necessary implication, confer the power. Authority, either specific or general, to control, manage and dispose of the husband's property, or transact his business, will not authorize the attorney to manifest in the mode prescribed by the statute, the husband's assent to the wife's deed. The power of attorney in this case, gives the attorney in fact of the husband certain power and authority in respect to the property, business, etc., of A. A. Green; but it contains nothing, which by a reasonable construction, can be held to relate to the property of his wife, or his power or rights in respect to it. The admission in evidence of the power of attorney was therefore erroneous.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

Mr. Justice NILES did not express an opinion.