[No. 6,511.]

# GAGLIARDO *v.* DUMONT ET AL.

HOMESTEAD — DEED — POWER OF ATTORNEY. — Under the Homestead Act of 1862, the alienation of the homestead could only be by the *personal* act of the husband and wife; and a deed for that purpose could not be executed by attorney.

ID. — ID. — ID. — AFTER-ACQUIRED TITLE — SEPARATE PROPERTY — CONSTRUCTION. — G., being the owner of land in San Francisco, and residing thereon with his wife, signed a declaration of homestead, and on the same day executed a power of attorney to D. to sell and convey "all the real estate" of G. in San Francisco, and both documents were acknowledged and recorded the same day. Afterward, D., as the attorney of G., executed a deed of conveyance of the land to S.—the wife of G. joining in the deed. In an action of ejectment, brought by G., after the death of his wife, against the grantees of S., to recover the land, *held*, that the deed was void, and the plaintiff entitled to recover. *Held, also,* that the homestead was no part of the separate real property of the husband, and, therefore, the power of attorney did not authorize the attorney to sell and convey it.

APPEAL from a judgment for the defendants, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*J. R. Sharpstein,* for Appellant.

The statute in force when the deed was executed, provided that no conveyance of a homestead should be valid or effectual for any purpose unless executed by the owner, and also by the wife, in the same manner as provided by law in the case of conveyance of her separate property. (Stats. 1862, 519.) To constitute a valid conveyance of the wife's property, it was necessary to have the deed executed by her and her husband. (Id. 518.) A homestead cannot, while the husband and wife are both living, be alienated without the *concurrent* act of both, equally solemn and formal with that by which it was created. (*Barber* v. *Babel,* 36 Cal. 18; *Fleye* v. *Gurney,* 47 Id. 376.) The Act of 1851, so far as it relates to the alienation of homesteads, does not materially differ from the provisions of that of 1862; and under the former act, it was held that it required the joint deed of husband and wife, if both were living, to convey the homestead. Their separate deeds could not effect that ob-

ject. (Stats. 1851, 296; *Poole* v. *Gerard*, 6 Cal. 71.) "The duty, imposed by law on the husband, required the employment of discretion, which he could not delegate; which he was compelled to exercise himself, and in a particular manner, the mode entering into and forming a part of the obligation. (*Meagher* v. *Thompson*, 49 Cal. 191; *Green* v. *Swift*, Id. 260.)

Neither expressly, nor by necessary implication, did the power of attorney in this case confer the power to convey the homestead. Upon the death of the wife of the plaintiff, the homestead vested in the plaintiff. ' (*Est. of Headen*, 52 Cal. 294.)

*Jarboe & Harrison*, for Respondents.

Before the declaration of homestead, the husband was the owner of the property, and the declaration did not divest him of it, or convey it to his wife. It only impressed it with a lien in favor of the wife, and made a conveyance by him invalid without her signature. In all other respects, his power over the property was unchanged. He could deal with it, in all respects, as he could before, except that the instrument of conveyance must be executed and acknowledged by her. The conveyance by the plaintiff, by his attorney, (April 13th, 1872) was sufficient to pass all his interest in the land, subject to the homestead exemption; and · upon the extinguishment of the homestead, to give to his grantee the right to the possession. (*Gee* v. *Moore*, 14 Cal. 472; *McDonald* v. *Crandall*, 43 Ill. 238; *Smith* v. *Provin*, 4 Allen, 516.) Upon the death of the wife, the title vested absolutely in the plaintiff.

The deed of the plaintiff, of April 13th, 1872, was sufficient to pass any after-acquired title; and if, upon the death of his wife, he acquired any title, such title inured to the benefit of his grantee. (*Clark* v. *Baker*, 14 Cal. 612; *Vallejo L. Assoc'n* v. *Viera*, 48 Id. 572; *Parry* v. *Kelley*, 52 Id. 334; *Brown* v. *Coon*, 36 Ill. 243; *McDonald* v. *Crandall*, 43 Id. 231; Stats. of Mass. 1855, ch. 238, § 5; *Wildes* v. *Vanvoorhies*, 15 Gray, 139; *Smith* v. *Provin*, 4 Allen, 376; Iowa Code, § 1990; *Spafford* v. *Warren*, 47 Iowa, 47; *Howe* v. *Adams*, 28 Vt. 541; Const. of Texas, art. 7, § 22; *Brewer* v. *Wall*, 23 Tex. 585;

*Wright* v. *Hayes*, 34 Id. 261; *Allison* v. *Shilling*, 27 Id. 458; *Irion* v. *Mills*, 41 Id. 310; *Gee* v. *Moore*, 14 Cal. 472.) It was not necessary that the power of attorney should specially authorize the attorney to sell the homestead. (*Pfeiffer* v. *Reihn*, 13 Cal. 649.)

Department No. 1, McKEE, J.:

On May 25th, 1867, the plaintiff in this action was the owner of the land and premises described in the complaint, and he and his wife, Anna Gagliardo, resided thereon. On that day, the husband made and signed a declaration in writing of his intention to claim the premises as a homestead, and on the same day executed a power of attorney to one Antonio Daneri, authorizing and empowering him to enter into and take possession of all the real estate which belonged to the plaintiff in the City and County of San Francisco, and sell and convey the same, or any part thereof, and execute and deliver to the purchaser or purchasers, good and sufficient deeds, etc. On the 30th of May, 1867, the declaration of homestead was acknowledged and recorded, and on the same day the power of attorney was also acknowledged and recorded. On the 13th of April, 1872, Daneri, the attorney-in-fact of the plaintiff, by his deed duly executed under his power of attorney, sold and conveyed the homestead premises to one Stephen Sanguinetti, and the wife of the plaintiff joined in the deed. On the 14th of November, 1873, the wife died. Defendants are in possession of the premises, claiming the same by conveyance from Sanguinetti.

According to the provisions of the homestead law as it existed at the time of the transactions in this case, the plaintiff and his wife, who were entitled to the homestead premises in question, held the same—to the extent of the homestead value—in joint tenancy; and their alienation, incumbrance, or abandonment, was prohibited, except in the mode prescribed by the law itself.

Says the statute: "No alienation, sale, conveyance, mortgage, or other lien, of or upon the homestead property, shall be valid or effectual for any purpose whatever, unless the same shall be executed by the owner thereof, and be executed and acknowledged by the wife, if the owner be married and the wife be a

resident of this State, in the same manner as provided by law in case of the conveyance by her of her separate and real property." (Stat. 1862, p. 519, § 2.)

The law which created the estate, at the same time prescribed the mode of transferring it. Of the power of the Legislature to declare the nature of an estate in real property and to prescribe the modes by which it may be alienated, there can be no question. "No man," says Mr. Justice Baldwin, in *Lees* v. *De Diablar*, 12 Cal. 327, "has any vested right to dispose of any property, by whatever title he holds, in any way other than that which the law prescribes." Under the restraints imposed by the homestead law, neither the husband nor the wife had power to transfer the homestead by a separate conveyance, nor could either incumber it to the prejudice of the other or of both, or to the destruction of the homestead itself. The obligation between them, in respect to its preservation, was reciprocal. Neither could, without the consent and concurrence of the other, alienate or transfer it. It was created as a place of residence for the family, and it is the policy of the law to preserve it intact for that purpose, until both the husband and wife shall mutually resolve to destroy it by alienation or abandonment. In pursuance of that policy its destruction is prohibited, except by the joint act of both in the mode provided by the homestead law. This is the settled doctrine of the Courts of this State. Thus, in *Barber* v. *Babel*, 36 Cal. 11, it was held that when once the homestead estate vested in the husband and wife, the husband could not by his act alone mortgage it, or by the execution of a new note and mortgage revive a prior mortgage given upon the land before the declaration of homestead was filed. And in *Flege* v. *Garvey*, 47 Cal. 371, where, after a homestead had been created, the husband became insane, and his guardian, under an order of the Probate Court of Sonoma County, sold and conveyed the homestead for the maintenance and support of the insane husband (as a ward of the Court) and his family, it was held that the sale was invalid, and wholly inoperative to pass the estate, although the wife had consented to it and received part of the proceeds of the sale.

As, therefore, a conveyance of the homestead by either spouse

would be invalid, whether made directly or indirectly—voluntarily, or by forced sale—it would seem to follow that a power of attorney made by the husband to convey it would be also invalid, for, as the husband himself cannot dispose of it, he cannot empower another to do for him what the law forbids him to do. Having no capacity to convey it independently of his wife, he cannot delegate to another a power which he himself does not possess. Besides, the law is imperative that the alienation of the homestead must be by the personal act of the husband and wife. As it is declared to be a joint estate for their benefit and security, neither can separate it, for to do that would destroy it as a home. Nor can either of them act in the alienation of it by proxy. The wife certainly cannot, because she alone can make the acknowledgment which is required by law as part of her conveyance. She could not, until legislation enabled her to do so, convey her separate estate at all by an attorney-in-fact. Neither could her husband assent by an attorney-in-fact to her conveyance.

In *Green* v. *Swift*, 49 Cal. 260, it was doubted whether the husband could delegate to another power to act with his wife in the conveyance of her separate property; but if he could, say the Court, the power of attorney must expressly or by necessary implication confer the power. And in *Meagher* v. *Thompson*, 49 Cal. 189, it was held that the assent of the husband to a conveyance of his wife's separate property must be expressed by his own signature to the conveyance; he cannot delegate authority to another to sign for him. If the assent of a husband to a conveyance of the separate property of his wife cannot be expressed in any other way than by his own signature, much more is that expression necessary in the alienation of the homestead; for in the one the husband had no title to transfer—his assent was only required for the wife's protection in dealing with third persons, or as a precaution against imposition upon her; but in the other he has a joint estate with her, and he has to join with her in transferring it, not only as a protection to her, who is a co-owner with him, but to transfer his own estate, and concurrently with her to destroy it as the home of the family.

Whether the alienation or abandonment of the homestead would be for the interest of the family, is for the husband and wife to determine. The one is no less interested in that than the other. No third person, whether acting as attorney for either or both, can determine that question for them; and their will in that regard must be manifested by their joint act, expressed by their personal signatures, and personally acknowledged according to law.

Moreover, if the husband could delegate to another power to convey his estate in the homestead, the power of attorney, as was said in *Green* v. *Swift*, should expressly or by necessary implication confer such a power. But it will be observed that the power of attorney under consideration does not expressly or by necessary implication authorize the attorney in fact to sell and convey the homestead. It only authorized the attorney to enter into and take possession of all the real estate belonging to the plaintiff in the City and County of San Francisco, and to lease, bargain, sell, grant and convey the whole or any part thereof. But the homestead of the spouses was no part of the separate real property of the husband; therefore, the power of attorney did not authorize the attorney to sell and convey the homestead. But whether it did or did not, it would be futile; if it did, it would be ineffectual for the purpose of alienation, because the husband himself could not dispose of it by his separate deed, and he could not do by another what he could not do himself; and as the sole object of the power seems to have been to enable the attorney to sell and convey property other than the homestead, the deed of the homestead executed by the attorney passed no title.

Upon the death of the wife the homestead descended to the plaintiff, and the title to it at once vested in him as survivor. (§ 1265 Civ. Code; Estate of Headen, 52 Cal. 295.) He had, therefore, a right of entry upon the premises at the commencement of his action, and was entitled to judgment.

Judgment reversed, and cause remanded.

McKINSTRY, J., and Ross, J., concurred.