Montana Nat. Bank, appellant, *v.* Schmidt, respondent.

EQUITY — *Reformation* — *Married woman's deed* — *Defective description.*— In the absence of power conferred by statute, a court of equity has no jurisdiction to reform the deed or mortgage to which a married woman is a party, on account of a defective description of the land.

*Appeal from Third District, Lewis and Clarke County.*

CHUMASERO & McCUTCHEON, for the appellant.

E. W. & J. K. TOOLE and WM. WALLACE, Jr., for the respondent.

BACH, J. The complaint in this cause shows that this action was brought to reform and foreclose a mortgage executed by John M. Schmidt, in his life-time, and Elizabeth Schmidt, his wife, to secure a promissory note given by John M. Schmidt to George Steell, and by Steell assigned to plaintiff. There was an erroneous description of the premises intended to be mortgaged, in this: the land intended to be mortgaged was described as being situated in township No. 2, instead of township No. 20, as the same was intended (as alleged in the complaint) by the parties thereto. The answer denies the acknowledgment, and that the mistake was mutual, and avers that the property in township No. 20 was the homestead of herself and her husband during his life-time, and at the time of the alleged execution of the mortgage. There was no replication. Defendant moved for judgment on the pleadings, on the ground that the mortgage could not be corrected as prayed for. The

motion was granted. Plaintiff excepted, and his bill of exceptions is a part of the judgment roll. The appeal is from the judgment.

It is necessary for us to consider only the question, " Can a court of equity reform the description in the deed made, executed and acknowledged by a married woman?" Section 196, p. 441, Revised Statutes, provides: " A married woman may convey any of her real estate by any conveyance thereof, executed and acknowledged by herself and her husband," etc. Section 312 of the code provides that a " mortgage or other alienation of such homestead by the owner thereof, if a married man, shall be void unless the wife join in the execution of the conveyance thereof." The answer avers that the property which the complaint seeks to include within the mortgage was, during the life-time of her husband, the homestead of herself and her husband. There is no replication; therefore this must be considered as the legal homestead during the husband's life. The only power that a married woman has to convey real estate is that given her by section 196 of the Revised Statutes. The homestead can be conveyed only when the wife executes the conveyance; and she executes the conveyance by signing and acknowledging that she executes the same freely and voluntarily. The acknowledgment thus becomes an essential part of the execution of a deed by a married woman. A deed can be reformed as against a man, because the acknowledgment is not a part of the execution; but as against a married woman the deed cannot be reformed, because there would not be a free and voluntary execution of the same. An agreement to convey property, duly signed and executed by a married woman, cannot be enforced against her in a court of equity.

The case of *Leonis* v. *Lazzarovich*, 55 Cal. 52, is directly in point. On page 55 the court say: " The question here arises, can a court of equity reform the deed of a married woman? Was it within the equitable powers and jurisdiction of the court below to decree, as it did, that the defendant

should, within a certain time fixed by the decree, execute to the plaintiff her deed conveying lands not described in any deed or other written instrument?" And again, on page 59, the court say: "But in the case now in hand, there was no conveyance whatever of the land in controversy. The description in the deed does not embrace it, and it is sought to prove a parol agreement on the part of the wife to convey this particular tract of land. A *feme covert* can only be bound by a written instrument, executed and acknowledged by her in the manner prescribed by law, and it is not competent for a court of equity to *supply defects in description*, any more than it can reform a certificate of acknowledgment. That the latter cannot be done has been expressly decided in the case of *Barrett* v. *Tewksbury*, 9 Cal. 13; *and that the former cannot be done is equally clear upon principle and authority.*"

In *Petesch* v. *Hambach*, 48 Wis. 443; 4 N. W. Rep. 565, the description of a mortgage was sought to be reformed; there was no question of defective acknowledgment. The court say (page 449): "Because of her disability to contract, it has uniformly been held that, if a wife join her husband in the execution of a defective conveyance, such conveyance cannot be reformed as to her, unless by virtue of an express statute."

The theory of the rule is well stated in the opinion of the court in *Carr* v. *Williams*, 10 Ohio, 310. In this case the deed was properly executed and acknowledged; the reformation sought was as to the body of the conveyance. The court say, Mr. Justice Grimkie delivering the opinion: "A deed which is intended to convey the legal estate, but which is so imperfectly executed as to fail of effecting that object, is deprived of the character of a conveyance, but may be treated as an agreement to convey, and a resort may be had to chancery for the purpose of enforcing it, and compelling a specific performance; or a bill may be filed for the purpose of rectifying the mistake, when the original deed, as reformed, will take the place of the convey-

ance which would otherwise be decreed by the court. In either case, however, the complainant has only an equity, and is obliged, on this account, to go from a court of law to a court of chancery. This is the general principle; but the question now intended to be presented is one of more particularity. It is whether the deed of a *feme covert*, not executed according to the statute, may be regarded as an agreement to convey, the specific performance of which will be decreed against her, or whether a deed so imperfect may be rectified so as to bind her right. . . . Our statute prescribes the mode in which a married woman may execute a conveyance of her land. It directs that she and her husband shall join in the conveyance, and, if this provision is not complied with, then the deed stands as it would at common law, absolutely void and inoperative as to her; and if a deed, the body of which was defective, was still to be treated as an agreement to convey, or as an imperfect conveyance, other provisions of the statute, equally essential, would be disregarded. The acknowledgment and separate examination would not be to such an instrument as the law contemplates. I believe no case can be found where a mistake in the deed of a married woman has been rectified as against her."

It will be observed that the learned judge declares that the reformed deed would be void, because it could not be jointly executed by the husband who had died; and that his joint execution was one of the provisions of the statute, the "other provisions" being the acknowledgment and separate examination. In the case we are considering, also, the husband is dead. He cannot join in the execution of the reformed mortgage.

*Purcell.* v. *Goshorn*, 17 Ohio, 105, is to the same effect, and approves the case last cited. As to the general doctrine that courts of equity will not reform a deed of a married woman, see *Holland* v. *Moon*, 39 Ark. 124.

Counsel for the appellant on this point cite the case of *Heaton* v. *Fryberger*, 38 Iowa, 188. Upon page 196 of that

case will be found a statute of that state declaring that courts of chancery shall have power to correct, amend, and relieve against any errors, mistakes, defects, in the deeds, etc., hereafter to be executed, etc., to the same extent as the deeds or conveyances of any person. However, the court say: "This statute recognizes the existence in this state of the common-law rule respecting the deed of a married woman, and expressly limits the power therein conferred to correct her conveyances to those executed after its enactment." That case can scarcely be said to sustain appellant's position that courts in this state, without such a statute, can reform the deed of a married woman.

Appellant also relies upon *Hayford* v. *Kocher*, 65 Cal. 389. It will be remembered that in California there is no dower. The plaintiff, Flavel Hayford, executed to the defendant a deed which, by a mutual mistake, did not include the property intended. This property was not a homestead, and was the separate property of Flavel Hayford, the husband. Afterwards defendant Kocher brought an action against him to reform the deed. After the execution of the conveyance, and before the action for reformation was commenced, Lydia Hayford, the wife, selected the premises for a homestead. At the time of the selection by her she knew of the conveyance, and of the mistake therein. These facts are taken from the opinion of the court. It will be seen that the action to reform the deed was not against the wife, for she was not a party to the deed, and, the property not being a homestead at that time, her signature was not necessary to the deed in California. The only point decided in the case is this: The homestead laws of California provide that the homestead may be selected from the community property, from the separate property of the husband, or, with the consent of the wife, from her separate property; and the court held that the Hayfords could not, in an action in ejectment, claim the property as a homestead against the grantee, Kocher, because the court say, " when this selection was made, the demanded premises

were not the property of either or both of the plaintiffs. One of them held the naked legal title. But he held it in trust for the defendant Kocher and under such circumstances . . . the defendant could not be divested of her rights in it by the selection of it as a homestead by one or both of the plaintiffs." It is evident that this is not an authority holding that a court of equity will reform a deed as against a married woman. Lydia Hayford had signed no deed at all, and she was not required to in California, the property belonging to the husband, and not having been set apart as a homestead when her husband intended to convey it.

We are of opinion that the rule is that a court of equity in this territory has no power to compel a married woman to reform the terms of a conveyance already executed by her. Judgment is affirmed.

GALBRAITH, J., and McLEARY, J., concur.