[No. 13041. In Bank.— November 19, 1889.]

JULIA M. GLEASON ET AL., APPELLANTS, *v.* JESSE D. SPRAY ET AL., RESPONDENTS.

HOMESTEAD — HUSBAND AND WIFE — VOID DEED BY HUSBAND — MORTGAGE — ABANDONMENT OF HOMESTEAD. — A deed signed only by the husband, whether intended as a mortgage or not, if executed after a homestead has been declared upon the premises described in the deed, and while the homestead is subsisting, is absolutely void, and acquires no validity by a subsequent joint declaration of abandonment of the homestead by the husband and wife. The abandonment of the homestead has no retroactive effect.

81   217
100   238

81   217
126   476

81   217
128   261

81   217
f130   393

81 217
138 684

81   217
148   154

CONSTRUCTION OF STATUTE — VALIDITY OF ACT FORBIDDEN — ABSENCE OF
POWER — DEFINITION. — When a statute says an act cannot be done
unless performed in a certain mode, the inhibition against performing it
in any other way would seem to be in view of the word "cannot,"
meaning an absence of power, to be just as strong and complete as when
the statute says that an act unless done in a certain mode shall not be
valid for any purpose.

ID. — SECTIONS OF STATUTE IN PARI MATERIA. — The sections of a stat-
ute *in pari materia* must be read together, and effect given to each and so
construed as not to render nugatory the restrictions of any section.

APPEAL from a judgment of the Superior Court of
Modoc County, and from an order denying a new trial.

The facts are stated in the opinion.

*Spencer & Raker,* for Appellants.

Section 1242 of the Civil Code does not make the hus-
band's deed of the homestead absolutely void. The hus-
band's conveyance became effective when the homestead
was abandoned. (*McQuade* v. *Whaley,* 31 Cal. 526; *Bow-
man* v. *Norton,* 16 Cal. 216; *Poole* v. *Gerrard,* 6 Cal. 71;
65 Am. Dec. 481, and note; Freeman on Cotenancy and
Partition, sec. 76, p. 143; *Himmelmann* v. *Schmidt,* 23 Cal.
119, 121; *Johnson* v. *Bush,* 49 Cal. 201; *Lee* v. *Kingsbury,*
13 Tex. 68; 62 Am. Dec. 546; *Marsh* v. *Russell,* 1 Lea,
543; *Crook* v. *Lunsford,* 2 Lea, 237; *Brown* v. *Coon,* 36
Ill. 243; 85 Am. Dec. 402; *Davis* v. *Andrews,* 30 Vt. 678;
*Godfrey* v. *Thornton,* 46 Wis. 677; *Stewart* v. *Mackey,* 16
Tex. 56; 67 Am. Dec. 609, and note.)

*Goodwin & Jenks, Ewing & Claflin,* and *J. J. May,* for
Respondents.

The deed of the husband was void for all purposes.
(Civ. Code, sec. 1442.) The declaration of abandonment
does not relate back of its date. (Civ. Code, sec. 1244.)
The homestead cannot be alienated, except as prescribed
by statute. (*Flege* v. *Garvey,* 47 Cal. 371; *Gagliardo* v.
*Dumont,* 54 Cal. 496; *Hershey* v. *Dennis,* 53 Cal. 77;
Smith on Homesteads, secs. 240, 242.)

GIBSON, C. — Ejectment to recover certain lots in the town of Alturas, Modoc County.   Trial before the court without a jury; judgment for defendants, from which and an order denying a new trial plaintiffs appeal.

The court found and adjudged that the principal instrument, in the form of a deed absolute, relied upon herein for a recovery was intended and accepted as a mortgage; and that the same, having been executed by the husband alone while the property in controversy was a homestead, was void and of no effect.

The defendant J. D. Spray, while the owner of and residing with his wife upon the property, on October 20, 1884, made, acknowledged, and caused to be recorded a declaration of homestead embracing the same property. And on April 7, 1885, while the homestead thus created was still subsisting, he, Spray, executed and delivered to George M. Gleason, one of the plaintiffs, a general warranty deed, absolute in form, embracing the homestead, with other real property.   This deed the court found was intended as a mortgage.   Thereafter, on May 25, 1885, the defendants, Spray and wife, by a joint declaration to that effect duly filed in the proper office, abandoned the homestead.   On May, 26, 1886, George M. Gleason, by a deed of gift, conveyed to Julia, his wife, the same property described in Spray's deed to him.

The first question arising on these facts is, as to whether the deed of Spray to Gleason was absolutely void or only inoperative against the homestead while it existed as such.

It does not clearly appear whether the property in question was the separate property of Spray, or the community property of himself and wife; but whatever its character may have been, it was, by the declaration of homestead, converted into the joint property of both. (Civ. Code, sec. 1265; *Burkett* v. *Burkett*, 78 Cal. 310.)

" The homestead of a married person cannot be conveyed or encumbered, unless the instrument by which it

is conveyed or encumbered is executed and acknowledged by both the husband and wife." (Civ. Code, sec. 1242.) In the homestead act of 1860, as amended in 1862 (Stats. 1862, sec. 2, p. 519), a similar provision is found; it reads as follows: "No alienation, sale, conveyance, mortgage, or other lien of or upon the homestead property shall be valid or effectual for any purpose whatever, unless the same be executed by the owner thereof, and be executed and acknowledged by the wife, if the owner be married, and the wife be a resident of this state, in the same manner as provided by law in case of the conveyance by her of her separate and real property."

Under this provision it was held in *Barber* v. *Babel*, 36 Cal. 11, that a mortgage of the homestead property, executed by the husband alone for the purpose of reviving a prior mortgage on the same property, executed before the homestead was selected, was void and of no effect.

Although the wording of the code provision is different from that of the homestead act above set forth, we think both provisions are the same in effect, and designed to protect the wife in the security of a home by preventing the alienation of the homestead in any mode other than that prescribed by law. (*Barber* v. *Babel, supra; Burkett* v. *Burkett, supra.*)

When a statute says an act cannot be done unless performed in a certain mode, the inhibition against performing it in any other way would seem to be, in view of the word "*cannot*," meaning an absence of power, to be just as strong and complete as when the statute says that an act, unless done in a certain mode, shall not be valid for any purpose.

An examination of the other two sections of the Civil Code bearing upon the alienation and abandonment of homesteads convinces us that the construction given in *Barber* v. *Babel* to the provisions of the homestead act is correct, and should be applied to section 1242 of the

Civil Code.　Thus, by the provisions of section 1243, "a homestead can be abandoned only by a declaration of abandonment, or a grant thereof executed and acknowledged (1) by the husband and wife, if the claimant is married; (2) by the claimant, if unmarried." And by section 1244, "a declaration of abandonment is effectual only from the time it is filed in the office in which the homestead is recorded." These three sections are *in pari materia,* and must be read together and effect given to each.　Sections 1242 and 1243 prescribe how homesteads may be alienated or encumbered, and the last-mentioned section, in addition thereto, how they may be abandoned, and section 1244 the time from which the abandonment becomes effectual.　This last section, it is to be observed, fixes the time when the homestead character of the property is extinguished by abandonment, and does not give the abandonment any retroactive operation.　The provision relating to abandonment in the homestead act of 1860, as amended in 1862, was, that the homestead would be deemed abandoned upon the declaration to that effect being filed.　But in section 1244 the words *"from the time"* must have been used for some purpose and with the intention of preventing an instrument made by the husband alone during the existence of the homestead, and designed to affect it, from taking effect upon the abandonment of the homestead. By so construing those words, the three sections, taken together, erect a complete barrier around the homestead for the protection of it, in favor of the wife against the individual assaults of the husband upon it.

If, however, an abandonment under section 1244 would, as contended for by the appellants in this case, relate back to the time that the homestead was created, so as to render effectual any attempt of the husband alone to alienate or encumber it while it was a homestead, then the restrictions in sections 1242 and 1243 would be rendered nugatory.　And the husband would

be enabled, if so disposed, to fraudulently destroy the homestead by first conveying it to a stranger without the knowledge of his wife, and then give vitality to his deed by obtaining her joinder in a declaration of abandonment upon some false pretext.

When Gleason took the deed embracing the homestead from Spray, the declaration of homestead, unaffected by any abandonment, stood of record; he was, therefore, charged with notice of the existence of the homestead. And as he took the deed embracing the homestead property without the signature and acknowlment of Spray's wife, the deed as to such homestead property was void. It is, therefore, unnecessary to inquire whether the instrument was intended as a deed or mortgage.

The judgment and order appealed from should therefore be affirmed.

BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.