Reed, J.,
delivered the opinion of the court.
John (x. Hoffer in 1885, and some time previous, was conducting the business of a retail butcher in the city of Denver as agent of a sister-in-law, the appellee.
Prior to March, 1885, Charles Bohm, husband of Mary Bohm, was living and the head of a family of four or five persons. He had been dealing with appellee with an open unsettled account running from January 1, 1883. On the 6th of March, Charles Bohm was sick, and the wife sent to appellee $50, with the following note :
“ Mr. Hoffer. — You will please find enclosed fifty dollars, all I can raise at present. I hope to be able to give you more very soon. Please give me credit, and oblige,
“ Maby Bohm.
“ Mr. Bohm is home sick:”
The $50 was credited on the account of Charles Bohm. Shortly after, the date not shown, probably about May 1st, Mr. Bohm died. Dealing was continued with appellee until May 1st, when there was an unpaid balance on the account of Charles Bohm of $195.23.
This claim does not appear to have been filed against the estate of Charles Bohm, nor any attempt made to collect it. About two years after the death of the husband, the wife died, and subsequently the claim was filed against her estate and allowed — remaining unpaid, this suit was brought. A trial was had and judgment for $195.28.
*148 The judgment cannot be sustained. It was clearly the debt of Charles Bohm, and should, if enforced at all, have been collected from his estate. She could only be made liable by an assumption of the debt and an absolute promise to pay it, or by reason of her succeeding to the estate of the husband and failing to pay the debts. It was not shown that the widow succeeded to any property of the husband, consequently, we must infer that the judgment was based upon a supposed assumption of the debt, and a promise to pay by Mrs. Bohm, predicated upon the note above, written by the wife while the husband was sick. That is insufficient. It is true she writes of it as her own individual matter, but in reference to a claim not against her, but the husband to whose business she was attending during his illness. It is not shown that she at that time was doing any business or had any property, or that she had in any way assumed the jdebfc, or had been required to, nor is any consideration shown to have passed. An assumption of it, to be obligatory, must have recognized it as having been the former debt of the husband, and, as such, a promise to pay it upon an expressed consideration. The hasty note is insufficient under the statute of frauds. There is nothing in it to connect the wife with the transactions of the husband and appellee. For all that appears upon the face of it, it might have been in regard to another matter — a transaction of her own.
There being no other evidence to charge the estate, the judgment must be reversed and cause remanded.

Reversed.