### CALIFORNIA FRUIT TRANSP. CO. v. ANDERSON et al.

(Circuit Court, N. D. California. March 15, 1897.)

#### No. 12,222.

WIFE'S INTEREST IN HOMESTEAD—CONSIDERATION FOR MORTGAGE.

Under the California laws the wife has an interest in the homestead which requires a consideration for her agreement to convey or incumber it, and therefore her mortgage of the homestead to secure an antecedent debt of the husband is not binding on her.

Bill in equity to foreclose a mortgage executed by J. Z. Anderson, and joined in by his wife, Sallie E. Anderson. She demurred, on the ground that the property mortgaged was covered by a homestead, and she had received no consideration for her interest therein.

Purcell Rowe, for complainant.

S. F. Leib, for respondent Sallie E. Anderson.

MORROW, District Judge. This is a bill in equity to foreclose a mortgage executed by J. Z. Anderson, and joined in by his wife, Sallie

E. Anderson.    While it does not appear affirmatively in the bill that the premises incumbered include homestead property, still that fact was conceded and assumed on the argument upon the demurrer filed by the respondent Sallie E. Anderson to the bill.    She alone has demurred, and urges the following grounds:

"First. That said bill does not state facts sufficient to constitute a cause of action against said defendant.

"Second. That it appears from said bill that the notes and indebtedness for which the alleged mortgage therein mentioned was given to secure were the notes and indebtedness of J. Z. Anderson alone, and not in any way or to any extent the notes or indebtedness of this defendant; and it is not alleged, and it does not appear, that there was any consideration as to this defendant for the making or execution of said mortgage by her upon any of the interests owned or rights held by her in or to the property described in said mortgage, or in or to any part thereof.

"Third. That it appears from said bill that the said mortgage, as to this defendant, was made and executed by her without consideration, and hence cannot be enforced against her, or as against any interest in or right held by her in or to said property, or in or to any part thereof.

"Fourth. That it appears from said bill that there is a misjoinder of defendants herein, in this: that this defendant is improperly joined as a defendant in this action, because it appears from the allegations of said bill that no interest owned or right held by this defendant in or to any part of said lands can be sold or foreclosed in this action, because no mortgage was ever made or executed by her to said plaintiff and complainant upon any consideration."

The only question of law raised by the demurrer is whether the fact that Sallie E. Anderson executed the mortgage for the prior debts of her husband (she herself, so far as the bill discloses, having received no consideration) binds her.    The mortgage upon the property in question was given to secure the California Fruit Transportation Company for the pre-existing debts of Mr. Anderson.    The allegations of the bill clearly show that the mortgage signed by Mrs. Anderson was for the prior debts of her husband, for the payment of which she is not shown to have been in any way legally bound.    So far as she was concerned, therefore, her agreement that her interest in the property covered by the homestead declaration be incumbered for her husband's prior debts was without consideration.

In the case of Chaffee v. Browne, 109 Cal. 211, 41 Pac. 1028, where a mortgage was given by the wife upon her separate property to secure her husband's antecedent debt, without any new consideration received either by the husband or the wife, or moving from the creditor, the mortgage was held to be not obligatory.    The court in that case said:

"It follows that, in the execution of this mortgage, the defendant Neotia Browne undertook to assume and secure her husband's antecedent debt. 'No new consideration was given at the time it was executed. The wife received nothing. The husband received nothing. The creditor parted with nothing. The instrument was therefore no more than a collateral security given for an old debt of the husband' (Bayler v. Com., 40 Pa. St. 37), and was not obligatory in the absence of a new consideration (Civ. Code, §§ 2792, 2831, 2844; Bohm v. Hoffer, 2 Colo. App. 146, 29 Pac. 905)."

It is contended on the part of the complainant that the authority just referred to is inapplicable to that of the case at bar, for the reason that that was a case which involved the separate property of the

wife, while the case at bar concerns the homestead property selected, so it is conceded, from the community property. But I am unable to distinguish the two cases, upon principle, so far as the wife's interest in the property mortgaged and the want of consideration to pass that interest are concerned.

Nor can I, in this connection, assent to the position taken by counsel for complainant that section 1242 of the Civil Code was intended simply to prescribe certain formalities relating to the transfer or incumbrance of homestead property. That section provides:

"The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife."

It has been held repeatedly that the homestead can be conveyed or incumbered only in the manner prescribed by law. Lies v. De Diablar, 12 Cal. 327; Gee v. Moore, 14 Cal. 472; Guiod v. Guiod, Id. 506; McQuade v. Whaley, 31 Cal. 526; Flege v. Garvey, 47 Cal. 371; Houghton v. Lee, 50 Cal. 101; Hershey v. Dennis, 53 Cal. 77; Gagliardo v. Dumont, 54 Cal. 496; Gleason v. Spray, 81 Cal. 217, 22 Pac. 551. This statute relates not only to the form and manner in which the homestead is to be conveyed or incumbered, but, in my opinion, recognizes the interest which the wife has in it. Whatever the laws and decisions of other states may be, and in whatever light the joint interests of both spouses in the homestead property may be regarded, yet, under the law and decisions of this state, it is regarded as substantially a joint tenancy. Barber v. Babel, 36 Cal. 11. As was said by Mr. Justice Field (then chief justice of the supreme court of this state), referring to the act of 1860, "the act changes the estate of the parties into a joint tenancy." Cohen v. Davis, 20 Cal. 195. See, also, Burkett v. Burkett, 78 Cal. 312, 20 Pac. 715; Gleason v. Spray, 81 Cal. 219, 22 Pac. 551; Campbell v. Babcock, 27 Wis. 512; Adams v. Beale, 19 Iowa, 67, 68.

In the case of Trust Co. v. Kauffman, 108 Cal. 220, 223, 41 Pac. 467, 468, the wife's interest in the homestead is spoken of as an "estate," and the court said:

"A declaration of homestead properly executed and acknowledged by a married man, when filed for record, immediately inures to the benefit of his wife, whether she is ignorant thereof or is fully acquainted with the transaction; nor does the fact that she is insane deprive her of its benefits, or give to the husband any greater interest in the estate, or authorize him to incumber it, except in the mode prescribed by statute."

Her interest is such that she may sue alone to maintain her right or claim to the homestead property. Code Civ. Proc. § 370, subd. 1; Prey v. Stanley, 110 Cal. 423, 42 Pac. 908. In the event of the homestead having been selected from the community property, it vests, on the death of either spouse, in the survivor. Civ. Code, § 1265. The homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged by the husband and wife. Id. § 1243.

Under the laws of this state and the decisions construing such, I am of the opinion that the wife has an interest in the homestead, which requires a consideration for her agreement to convey or incumber it,

and that, as the bill in this case does not show that she received any consideration for her interest in the homestead which was mortgaged, the demurrer should be sustained; and it is so ordered.