19  323
19  544
19  557

AMERICAN SAVINGS AND LOAN ASSOCIATION, Ap-
PELLANT, *v.* BURGHARDT ET AL., RESPONDENTS.

[Submitted March 26, 1897.   Decided April 5, 1897.]

*Homestead—Mortgage—Acknowledgment by Wife—Abandon-
ment—Liability on Note—Foreclosure—Pleading.*

Under section 323, First Division of the Compiled Statutes 1887, a mortgage of a home-
stead was void unless executed by the husband and wife, and the acknowledgment
was an essential part of the execution by the wife.

SAME—*Acknowledgment.*—Under the laws then in force an acknowledgment of the exe-
cution of such a mortgage by a married woman which stated that she "acknowledged
the same as her free act and deed," and failed to state that it was made "on exami-
nation apart from and without the hearing of her husband," was absolutely void.

SAME.—The abandonment of a homestead does not make valid a past mortgage of the
same void *ab initio.*

FORECLOSURE—*Pleading.*—A complaint which properly alleges the execution and de-
livery of a promissory note, a default in payment, the giving of a mortgage to secure
the same and the breach of the condition upon which foreclosure of the mortgage
may be had, does not state two separate causes of action; the money judgment and
the decree are different modes of relief for the same wrong.

SAME.—In such an action the plaintiff is entitled to a judgment on the note, although the
mortgage given to secure the same is void.

*Appeal from District Court, Cascade County.   C. H. Ben-
ton, Judge.*

ACTION by the American Savings & Loan Association
against Harry D. Burghardt, Clara E. Burghardt, his wife,
and Arthur E. Dickerman to foreclose a mortgage.   From a
judgment in favor of defendants, plaintiff appeals.   Reversed
and remanded.

Statement of the case by the justice delivering the opinion.

This is an action brought by the plaintiff to recover judg-
ment for the payment of the following note or instrument :
"Great Falls, Montana, December 7th, 1888.   $3,000.00.
For value received, on or before nine years from date, I prom-
ise to pay to the order of the American Building & Loan As-
sociation, at its home office in Minneapolis, Minnesota, the
sum of three thousand dollars, with interest at the rate of six

per cent. per annum on the sum of eighteen hundred dollars ($1,800.00), payable monthly.   It is understood that this note is given for a loan obtained on thirty (30) shares of stock of said American Building and Loan Association, and if the maker fails to make any monthly payment on said stock, or to pay any installment of interest for a period of six months after the same is due, then the whole amount of this note shall at once become due and payable.   But if the maker hereof shall pay all installments of interest which become due hereon, and all fines and monthly payments which become due on said stock, until such stock becomes fully paid in, and of the value of $100.00 per share, and before any of said installments of interest or monthly payments shall have been past due for a period of six months, then, upon the surrender of said stock to said association, this note shall be deemed to be fully paid, and canceled.   This note is understood to be made with reference to and under the laws of the state of Minnesota.   Harry D. Burghardt.''   This instrument was executed by the defendant Harry D. Burghardt alone.   The action was also to foreclose a mortgage executed on the same date as the above instrument by Harry D. Burghardt and his wife, Clara E. Burghardt, to the plaintiff on certain real estate mentioned in said mortgage to secure the payment of said note or instrument in writing.   The complaint contains the usual allegations of pleadings in such cases.   The answer does not deny the execution and delivery of the note or instrument in writing sued on, but denies the proper execution of the mortgage.   It alleges that the real estate mentioned in the mortgage and complaint was at the time of the execution of the mortgage the homestead of the defendants, and alleges further that the said mortgage was not executed in accordance with law.   The defect complained of in the execution of the mortgage is alleged to be in the acknowledgment thereto.   The acknowledgment is as follows :   ''Territory of Montana, County of Cascade. Be it known that on this 7th day of December, A. D. 1888, before me personally came Harry D. Burghardt and Clara E. Burghardt, his wife, to me personally known to be the identi-

cal persons described in, and who executed, the foregoing mortgage, and severally acknowledged that they executed the same as their free act and deed." The case was tried to the court without a jury. The court made its findings in favor of defendants, and rendered judgment against the plaintiff for costs. From the judgment the plaintiff appeals.

*F. C. Parks,* for Appellant.

The court should have given judgment for the amount due on the note, even though the mortgage was void. (*Moors* v. *Stanford* (Kan.) 41 Pac. 1064; *Shaver* v. *Bear River Co.,* 10 Cal. 396.) The mortgage is not void. (*McAdow* v. *Black,* 4 Mont. 475; *Middle Creek Ditch Co.* v. *Henry,* 15 Mont. 574, 39 Pac. 1054.) The acknowledgment is substantially correct and that is all that is required. (*Kley* v. *Geiger,* 4 Wash. St. 484, 30 Pac. 727; *Talbert* v. *Stewart,* 39 Cal. 602; *Minger* v. *Baldridge,* (Kan.) 21 Pac. 159.) Upon the abandonment of the homestead, the mortgage became valid. (*Himmelman* v. *Schmidt,* 23 Cal. 121; *Gee* v. *Moore,* 14 Cal. 472; *Bowman* v. *Norton,* 16 Cal. 213; *McQuade* v. *Whaley,* 31 Cal. 526.)

*Stanton & Stanton,* for Respondent.

The certificate of acknowledgment is not sufficient and the mortgage is void. (*Danglarde* v. *Elias,* 80 Cal. 65, 22 Pac. 69; *McLeran* v. *Benton,* 43 Cal. 467; *Leonis* v. *Lazzarovich,* 55 Cal. 55; *Livingston* v. *Kettelle,* 41 Am. Dec. 179, and note; *Wedel* v. *Herman,* 59 Cal. 507; *Bollinger* v. *Manning,* 79 Cal. 7, 21 Pac. 375; *Montana National Bank* v. *Schmidt,* 6 Mont. 610, 13 Pac. 382.)

Pemberton, C. J.—The first material question presented by this appeal is as to the validity of the mortgage. It is not disputed that the land in controversy was the homestead of the defendants at the date of the execution of the mortgage. This mortgage was executed and this suit brought under the Com-

piled Statutes of 1887. Section 323, Div. 1, of said statutes provides that a ''mortgage or other alienation of such homestead by the owner thereof, if a married man, shall be void, unless the wife join in the execution of the conveyance thereof.'' The appellant admits that the acknowledgment is not such as is requred by law in such cases, but contends that the signature alone of the wife, without any technical acknowledgment, was sufficient to authorize the husband to incumber the homestead with the mortgage. The appellant contends that the acknowledgment by the wife of the mortgagor constitutes no part of the execution thereof. Counsel for appellant relies principally upon the decisions of Wisconsin and other states whose laws on this subject are different from ours. The laws of Wisconsin seem to require only the signature of the wife to the conveyance or mortgage of the homestead. The decisions of courts in other states cited by appellant seem to have been rendered under similar laws to those of Wisconsin. In *Montana National Bank* v. *Schmidt*, 6 Mont. 610, 13 Pac. 382, this court said : ''The homestead can be conveyed only when the wife executes the conveyance by signing and acknowledging that she executes the same freely and voluntarily. The acknowledgment thus becomes an essential part of the execution of a deed by a married woman.'' To the same effect we cite *McLeran* v. *Benton*, 43 Cal. 467; *Leonis* v. *Lazzarovich*, 55 Cal. 55. See, also, authorities cited in note to *Livingston* v. *Kettelle*, 41 Am. Dec. 170. We think, under the authorities cited, the acknowledgment of the wife under our law of a mortgage of a homestead, is an essential part of the execution thereof, and that, if such acknowledgment is substantially defective, the mortgage is, for that reason, void. This is certainly in accordance with the rule announced in *Montana National Bank* v. *Schmidt*, *supra*. The acknowledgment of the wife in the case at bar is defective in almost every requirement of the statute. We are therefore, of the opinion that the mortgage sued on in this case is void.

The appellant contends that the defendants abandoned the homestead in question before the bringing of this suit, and for

that reason cannot plead such privilege and exemption to defeat a recovery in this case. Even if it be conceded that the defendants abandoned the homestead premises after the execution of the mortgage thereon, and before suit to foreclose, yet such abandonment did not retroact so as to give validity to the mortgage, which was void from the time of its execution. The mortgage, being void *ab initio*, could not be validated by abandonment. (Waples on Homestead, etc., p. 559.) In *Gleason* v. *Spray*, 81 Cal. 217, 22 Pac. 551, it is held that a subsequent declaration of abandonment by husband and wife gives no validity to a void mortgage of the homestead. We think the appellant can claim nothing by the abandonment of the defendants after the execution of the mortgage of the homestead, even if the abandonment be conceded.

The appellant contends that it was entitled to a personal judgment against the defendant Harry D. Burghardt for the amount of the note in any event, and assigns the action of the court in dismissing its complaint and rendering judgment in favor of defendants for costs as error. One provision of the note sued on is as follows : ''It is understood that this note is given for a loan obtained on thirty (30) shares of stock of said American Building and Loan Association, and if the maker fails to make any monthly payment on said stock, or to pay any installment of interest for a period of six months after the same is due, then the whole amount of this note shall at once become due and payable.'' The evidence is uncontradicted that the defendant Harry D. Burghardt failed for many months prior to suit to pay the monthly installments called for by the terms of the note. There is no pretense that he was not in default in this respect. By reason of such default, the whole note became due and payable according to the terms thereof. Counsel for the respondents defends the action of the court in this respect; because, he says, there were two causes of action joined in the complaint, to-wit; an action at law on the note, and a suit in equity to foreclose the mortgage; and that, the mortgage having been held to be void, the plaintiff was not entitled to judgment at law on this note. We

think this contention entirely erroneous. In Bliss on Code Pleading this question is fully discussed, and authorities cited. See sections 159 to 171, inclusive. And in section 171, speaking of suits on promissory notes secured by mortgage, the author says : "But the objections to this view are twofold : First. A party usually asks the aid of a court in the exercise of its equitable jurisdiction when, without it, he has no claim for the money or for the specific property which he seeks. The legal demand, so called, does not arise until after the decree of the chancellor. When the mistake in his contract is corrected, when the deed that interferes with his title is set aside, when the constructive trust is declared, then his power to enforce his money or property demand begins. In such case there is but one cause of action, and there can be no separate statement. Second, if the money demand be perfect at first, this objection does not lie; but even then, as in collecting a debt secured by a lien, there is but one cause of action, but one wrong, although two actions may be based upon it. The money demand may be separately prosecuted, and the wrong—the cause of action—is the refusal to pay it; if he seeks to enforce the lien, the plaintiff has the same cause of action, only another remedy, and he will obtain other relief. Formerly this twofold relief was sought in different courts, and by a different mode of procedure—one was called an action at law, and the other a suit in equity; and only by the rule given in section 166 could one have full relief by one action. Under the code there is but one court and one form of action, and, by a single complaint, the aggrieved party may have all the relief to which he is entitled. In seeking what is still called legal and equitable relief, he does not unite different causes of action, for there is but one; he only seeks the twofold relief for the one wrong; therefore there can be no union of causes of action by separate statements. The pleader, in thus seeking full relief, should embody in his one statement all the facts showing the obligation and its breach, to which should be added the facts which show the lien, and he will ask for the double relief; or, if he seeks a money judgment only,

he will stop with the obligation and breach.'' We think there is but one cause of action stated in the complaint. Under our practice there is but one court, with common-law and equity powers; one form of action; and, if there were several causes of action arising on contract stated in the complaint, it would not be bad on that account, but plaintiff in such case could recover, and ought to be permitted to recover, whatever relief it shows by its evidence it was entitled to under any allegation of the complaint. Our statute and practice are not dissimilar from those discussed by Mr. Bliss. See, also, *Moors* v. *Sanford* (Kan. App.) 41 Pac. 1064. For this error the cause is remanded, with directions to the district court to set aside the order and judgment appealed from, and to render judgment for the plaintiff against defendant Harry D. Burghardt for the amount of the note sued on.

*Reversed and Remanded.*

HUNT and BUCK, JJ., concur.