THOMAS McCORMICK *et al.*, Plaintiffs in Error, *v.* HORACE H. WILCOX, Defendant in Error.

### ERROR TO HANCOCK.

The benefit of the homestead law will not attach to premises by their being made a homestead after the execution of a mortgage.

A decree of foreclosure, which only shuts out an equity of redemption, does not affect a title a party may have which is not subordinate to the mortgage, and by a default he admits he has no defense to any such title he may have.

ON 23rd January, 1859, Wilcox filed in the Hancock Circuit Court, a bill in chancery, stating that on the 16th day of June, 1856, Thomas McCormick executed two promissory notes of that date, to Daniel A. Burr, payable, one on 22nd May, 1857, for $400, the other payable 22nd May, 1858, for $500, both at six per cent. interest.

On 25th June, 1857, when only $257 of said note had been paid, said note was indorsed to Wilcox. On 16th June, 1856, said Thomas McCormick and Harriet B., his wife, mortgaged to said Burr the south-east 28, in town 7 north, 6 west of 4th principal meridian, in Hancock county, to secure the payment of said notes. Bill alleges that said notes have not been paid, except $257 on one note, paid on 18th February, 1857, and asks for foreclosure of mortgage. That on 19th August, 1858, said McCormick and wife conveyed said premises by deed to Francis M. Corby, which was duly recorded on 21st August, 1858. Bill alleges that " one Benjamin Clark also claims some interest in and to the said land, but the nature of the title or interest claimed by said Clark in said land is unknown to your orator, but your orator alleges that the said claim of said Clark, whether real or pretended, is not held or derived by, under or through said Thomas McCormick and Harriet B. McCormick, his wife, nor by, through or under them or either of them, or if so, any title claimed or interest which he, the said Clark, has in and to said land, is subject to the rights of complainant under and by virtue of said mortgage assigned to them as heretofore set forth." Also " further represents that the said Thomas McCormick and Harriet B. McCormick, his wife, reside upon and are using said land in the ordinary use and manner required for farming purposes." Bill then alleges, that said notes have not been paid by either Corby or Clark, and asks a foreclosure.

Bill makes Thomas McCormick and Harriet B. McCormick, his wife, Francis M. Corby and Benjamin Clark, parties, and prays for a decree of foreclosure and sale of said premises as against all the said defendants.

There is also exhibited with said bill a deed from said McCormick and wife to F. M. Corby for said premises.

In March, 1859, a decree was entered by SIBLEY, Judge, in favor of said Wilcox, against defendants, McCormick and wife, and Corby and Clark. For want of answer, the bill was taken as confessed, and it was thereby ordered that defendant, Thomas McCormick, on or before 1st June, 1859, pay complainant $760.67 and interest, with costs, and if he fail to pay that, the equity of redemption of defendants, McCormick and his wife, and Corby and Clark, be foreclosed, and that the master shall sell the same and give a certificate of redemption to the purchaser, and report his proceedings.

Defendants Corby and Clark moved the court to set aside said decree, which motion was overruled.

The master reported a sale of said premises, under said decree, to same Horace H. Wilcox for $816.70, and executed a certificate of purchase. The sale was approved at same term.

Thomas McCormick, Harriet McCormick and Benjamin Clark bring the case by writ of error to this court.

Errors assigned :

In rendering decree in favor of complainant, the record showing no cause of action in him.

In rendering decree without having made Burr, the mortgagee, a party either complainant or defendant.

In rendering a decree of foreclosure against any of defendants, the bill alleging that premises were homestead of McCormick and wife, and there being no sufficient release by McCormick and wife of their rights to such homestead.

Rendering decree against Clark without sufficient ground of relief in bill against him.

WILLIAMS, GRIMSHAW & WILLIAMS, for Plaintiffs in Error.

BROWNING & BUSHNELL, for Defendant in Error.

CATON, C. J. As the two first errors assigned were abandoned on the argument, it will be unnecessary further to notice them.

The others raise but two questions, which may be disposed of almost as briefly. The first objection is, that the mortgage was on the homestead of the mortgagors, and that there is no release of the homestead right in the body of the mortgage or in the acknowledgment. The bill, which was taken for confessed, shows that the mortgagors resided upon and occupied the mortgaged premises at the time the bill was filed, but there is no intimation that it was their homestead at the time the mortgage was executed. No homestead rights could attach to

the premises by their making it a homestead after the mortgage was executed.

The next objection is, that as the nature or character of Clark's interest in the premises is not disclosed, it may be that he has a title paramount, which is cut off by this decree. The decree merely forecloses his equity of redemption, and consequently affects no title which he has, which is not subordinate to the mortgage, and by his default he admits that he has no defense to any such title which he may have.

The decree is affirmed. *Decree affirmed.*