(March 11, 1889.)

## SMITH v. RICHARDS ET UX.

[21 Pac. 419.]

JUDGMENT LIEN ON HOMESTEAD—EXECUTION.—A judgment lien acquired before the filing of a declaration of homestead by respondent and wife subjects such property to sale under execution. Such lien cannot be devested by any subsequent act of the owners.

SATISFACTION OF JUDGMENT.—A judgment lien is a vested right of property, and cannot be satisfied except by payment or release.

(Syllabus by the court.)

APPEAL from District Court, Oneida County.

Smith & Smith, for Appellant.

The lien of a judgment gives to the judgment creditor a vested right of property in the land to which it attaches. (*Gunn v. Barry,* 15 Wall. 622; *Edwards v. Kearzey,* 96 U. S. 595.) Neither occupancy, where that alone is necessary, nor recording a declaration of homestead, where that is required, will in any way affect or modify a judgment lien. (Thompson on Homesteads and Exemptions, secs. 317, 318; *Kelly v. Dill,* 23 Minn. 435; *Bullene v. Hiatt,* 12 Kan. 98; *Robinson v. Wilson,* 15 Kan. 595, 22 Am. Rep. 272; *Bartholomew v. Hook,* 23 Cal. 278; *Rix v. McHenry,* 7 Cal. 89; *Elston v. Robinson,* 21 Iowa, 532.) A subsequent setting off of a homestead does not detach a judgment lien that had already attached. (Freeman on Executions, pp. 390, 391, sec. 249; *Rankin v. Scott,* 12 Wheat. 177; *Goodwin v. Investment Co.,* 110 U. S. 1, 3 Sup. Ct. Rep. 473; *McComb v. Thompson,* 42 Ohio St. 139.)

D. W. Standrod and J. T. Morgan, for Respondents.

Under the laws of this territory a judgment does not become a lien upon the homestead premises. It can become a lien only upon real property of the judgment debtor which is not exempt from execution. (Code Civ. Proc. 1881, sec. 425; *Bowman v. Norton,* 16 Cal. 219, 220; *McDonald v. Badger,* 23 Cal. 400, 83 Am. Dec. 123; *Williams v. Young,* 17 Cal. 403; *Ackley v. Chamberlain,* 16 Cal. 181, 76 Am. Dec. 516.) After the selection of the homestead is made and filed for record, no levy upon or sale of the homestead property can be legally made, except for purchase price, mechanic's lien, etc. (*Hawthorne v. Smith,* 3 Nev. 182, 185, 93 Am. Dec. 397; *Estate of Walley,* 11 Nev. 364; *Lachman v. Walker,* 15 Nev. 425; *Stone v. Darnell,* 20 Tex. 14; *Macmannus v. Campbell,* 37 Tex. 267; Smyth on Homesteads and Exemptions, secs. 176, 180; *Green v. Marks,* 25 Ill. 224; *Hume v. Gossett,* 43 Ill. 299; *Bonnell v. Smith,* 53 Ill. 377.) If the judgment in this case became a lien for any purpose, such lien is postponed to the homestead right. (*Hoyt v. Howe,* 3 Wis. 752, 62 Am. Dec. 705; *Bowman v. Norton,* 16 Cal. 219; Freeman on Executions, sec. 249.)

LOGAN, J.—This is an action brought by the plaintiff against the defendants in ejectment. The action arose in Oneida county, and the same was tried upon an agreed state of facts. It appears from the findings of the court that on the seventeenth day of July, 1883, the plaintiff recovered a judgment against the defendant E. T. Richards, in the probate court of Oneida county; that on the same day an abstract thereof, made in conformity with the requirements of section 608 of the then Code of Civil Procedure of Idaho, was filed and docketed in the office of the clerk of the district court of the third judicial district of Idaho, in and for Oneida county; that on the same day a writ of execution was duly issued to the sheriff of Oneida county upon the judgment so docketed, and that under and by virtue of this writ the sheriff levied upon the real estate described in the complaint; that said real estate was then the property of the defendant, E. T. Richards; that by virtue of such execution the sheriff of the county advertised the said property, as required by law, for sale, and that, on the tenth day of September, 1883, the same was sold, and the plain-

tiff, being the highest bidder, became the purchaser of said property; that on the first day of April, 1884, the defendant, E. T. Richards not having redeemed the said premises, the sheriff executed to plaintiff a deed of conveyance of said land and premises; and that by virtue of this deed the plaintiff seeks to eject the defendants. The defendants, however, claim that on the third day of September, 1883—just seven days before the sale of the premises by the sheriff—Ann Richards, who was then the lawful wife of the defendant, E. T. Richards, by herself, filed, and caused to be recorded in the office of county recorder of said Oneida county her declaration of homestead, in the form and in all respects as required by law, upon the premises described in the complaint; that the defendant, E. T. Richards, with his wife and family, had resided upon the premises continuously for seven years last past from the date of the execution and recording of the declaration of homestead; and that they now have no other homestead or place of residence whatever. Under this state of facts the court found as conclusion of law that the defendants are entitled to the possession of all the land and premises described in the complaint herein as against the plaintiff and all persons claiming, or to claim, the same under him, and that the plaintiff had no right, title or interest in or to the said land, or any part thereof. It is claimed that this conclusion of law, as founded upon the facts, is error; and a reversal of the judgment is sought upon that ground.

The question presented for our consideration is, Can the defendant, or his wife, under the circumstances, by filing a declaration of homestead subsequent to the attaching of a judgment lien, devest that lien, and prevent the property being made subject to it? It is with some difficulty that we have been able to arrive at a satisfactory conclusion in this case. Such doubts have arisen mainly from a consideration of the decisions of the courts of Nevada and California. These cases appear to hold that the homestead itself is exempt from forced sale under execution, and that a subsequent filing of a declaration of homestead under the statute defeats the operation and effect of the lien. Although we are of the opinion that these cases do not go fully to that extent, yet, even if they do, we

are not prepared to uphold the doctrine laid down therein. Freeman, in his work on Executions, sections 249, 249d, 249e, says, referring to the cases which we have mentioned: "These provisions clearly make it the duty of the officer to levy the writ on all property not then exempt from execution, and afterward, in the event of plaintiff's recovering judgment, to sell all the property attached, if necessary to produce a satisfaction of such judgment. We think, therefore, that, construing all the statutes together, it clearly appears that these decisions are wrong, and that, when an attachment is properly levied on lands not then exempt from attachment and execution, a lien is created which no subsequently arising exemption can supplant; and in so thinking we are sustained by a decided preponderance of the adjudications upon this subject." Thompson on Homesteads and Exemptions, section 317, says: "If a simple contract debt, created at a time when the creditor has not had the notice required by law—whether given by visible occupancy or a declaration of record—that the debtor has withdrawn a certain portion of his land from exemption by making it his homestead, will bind such homestead, *a fortiori* a valid lien placed upon land before it acquires the character of homestead will not be subsequently impaired by the debtor occupying such land as his homestead, or, in those states where such a proceeding is required, by filing the statutory declaration of homestead. If the legislature of a state cannot devest such a lien, it is pretty clear that a private individual can do no act which would have this effect. Plain as this conclusion would seem to be, the question has been thrust in the face of the courts again and again." Smyth on Homestead and Exemption, section 35, says "that, if the premises became a homestead after a lien has attached, this does not discharge or affect the lien"; and a "lien claimant, having a lien older than the homestead right, may enforce his lien without any reference to such homestead right." Platt on Property Rights of Married Women, section 71, says: "All liens acquired before the homestead has been established must be raised, or it will be subject to forced sale for their satisfaction." And again, in the same section, he says: "Consequently an appropriation of land as a homestead subsequent to the levy of an attachment or the attaching of a judgment

lien cannot protect it from forced sale under the lien thus acquired." To the same effect: *Kelly v. Dill,* 23 Minn. 435; *Bullene v. Hiatt,* 12 Kan. 82; *Robinson v. Wilson,* 15 Kan. 595, 22 Am. Rep. 272; *Bartholomew v. Hook,* 23 Cal. 278; *Rix v. McHenry,* 7 Cal. 89; *Elston v. Robinson,* 21 Iowa, 532.

We are cited by respondents to *Hawthorne v. Smith,* 3 Nev. 182, 93 Am. Dec. 397; *Estate of Walley,* 11 Nev. 260, and *Lachman v. Walker,* 15 Nev. 422. In the first case the question was not a judgment lien, but an attachment lien, and the court there refused to express an opinion upon what would be the effect of a judgment lien entered before the filing and recording of a declaration of homestead. In the second case the court merely held that the widow of David Walley, deceased, was entitled to have her homestead set apart for her by the probate judge, and that, when so set apart, it was not subject to the debts of the said David Walley; but no opinion is expressed as to what would be the effect of a judgment lien. In 15 Nev. 424, which is the latest case called to our attention, the court say: "We intimate no opinion of what would have been the effect of a homestead declaration filed by plaintiff's grantors subsequent to the docketing of Rinaldo's judgment, but before sale of the property under execution issued upon that judgment, and prior to the conveyance by McCarran and wife to plaintiffs. In this case no declaration has ever been filed, and we have not the slightest doubt that the property is not exempt. The statute only exempts a homestead which has been selected according to its provisions. 'The homestead . . . . to be selected . . . . shall not be subject to forced sale. . . . . Said selection shall be made by either husband or wife, or both of them, . . . . declaring their intention in writing to claim the same as a homestead.' The law does not compel any person to have his property become a statutory homestead against his will, but it requires him to do certain things in order to enjoy its benefits." Under the act of 1881 homesteads are not exempt from sale under execution, and thus leaves the law as it was under the act approved January 13, 1875. Section 1 of that act is substantially the same as the Nevada statute; and the only construction which we can

place upon it is as contended for by the appellant. The homestead is to be selected by the husband and wife, or either of them, or other head of a family, and when that is done it is exempt from forced sale under execution so far only as to subsequent liens. The property in this case, at the time of the filing and docketing of the judgment herein mentioned, was the property of E. T. Richards, the defendant, and was subject to levy and sale under that judgment. No subsequent act of the defendant, or of anyone acting for him, could release that lien except by payment. A person against whom the law has created the lien is unable by any act of his, short of discharging it, to impair or affect it; and certainly, in a case of this kind, what he could not do by himself he could not do by his wife. (*Tinney v. Wolston,* 41 Ill. 215.) The effect, under the statute, of permitting the wife to file a declaration of homestead, and thus defeating the lien, would be indirectly doing for himself what he could not do, because the statute provides that from and after the filing for record of said declaration the husband and wife shall be deemed, and hold said homestead as, joint tenants. The judgment in this case should be reversed, and the case remanded to the court below, with instructions to enter judgment according to opinion. Judgment reversed, with costs.