[No. 914.　Decided January 9, 1894.]

## W. W. Philbrick, *Appellant*, v. Augustus Andrews, *Respondent.*

DECREE FOR ALIMONY—WHEN SUBJECT TO RIGHT OF HOMESTEAD—SELECTION OF HOMESTEAD.

Where, in an action for divorce, the property of the husband has not been brought into the case, a decree in favor of the wife for alimony creates no specific lien on the property; and the husband's right to a homestead exemption is paramount to the lien created by an execution levy under such judgment.

The provision of Laws 1877, p. 72, § 346, requiring the person claiming a homestead in certain real estate to cause the word "homestead" to be entered of record on the margin of his recorded title to such land, was repealed by the Code of 1881.

Where a judgment debtor with his family is occupying certain lands as a homestead, such occupancy amounts to the selection of a homestead, under the provisions of Code Proc., § 481.

| | |
|---|---|
| 8 | 7 |
| 9 | 89 |
| 35* | 358 |
| 37* | 312 |
| 8 | 7 |
| 10 | 255 |
| 10 | 643 |
| 35* | 358 |
| 38* | 1046 |
| 39* | 235 |
| 8 | 7 |
| 17 | 436 |
| 8 | 7 |
| d21 | 238 |
| 8 | 7 |
| 24 | 142 |
| 24 | 147 |
| 8 | 7 |
| 26 | 218 |
| 26 | 219 |
| 8 | 7 |
| 30 | 54 |
| 8 | 7 |
| 32 | 98 |

*Appeal from Superior Court, Jefferson County.*

*George W. Tyler*, for appellant.

*Johnson & Moody*, for respondent.

The opinion of the court was delivered by

Scott, J.——Respondent and his two minor children of his first wife live upon certain land patented to him during the life of that wife, by the government, as a homestead claim. The first wife died and he married a second time, and his second wife procured a divorce from him. The decree of divorce adjudged that the wife have and recover of her husband (respondent here) the sum of $1,500 as alimony, the same to be a "lien upon the property of the said defendant." No property, real or personal, was mentioned or described in the decree, nor does it appear that any property was described in the proceedings in said divorce action, the pleadings and proofs therein not having been made a part of the record in this cause.

A judgment for $1,500 and the costs of the case was docketed June 19, 1891, and a general execution was issued thereon August 15, 1891. The sheriff proceeded to levy upon and make sale of the land above mentioned, which consisted of 160 acres in Jefferson county. At the sale appellant bid $1,600 for the whole tract, and paid the officer $50 cash, as he claims, to bind the sale, payment of the balance being promised upon the following day. But appellant refused to pay the balance upon the day named, or at all, and when the execution lapsed the sheriff returned it unsatisfied, with a statement of the facts and the $50. This return was made in October, 1891. Subsequently, and in February, 1892, the plaintiff in the divorce suit moved, *ex parte*, for the confirmation of the sale to appellant, and in aid of said motion filed appellant's affidavit to the effect that he had paid to the plaintiff the sum of $1,-550 upon the day of the sale, in satisfaction of the judgment. The receipt of the plaintiff for the full sum was also filed. And thereupon, and on the same day on which the motion was filed, the court ordered the sale confirmed. After the expiration of the time of redemption, the sheriff executed to appellant a deed of the land, and this action of ejectment followed for the purpose of obtaining possession. Trial was had and judgment was rendered for the defendant.

The land in question was community property of the defendant and his first wife, and upon her death one-half of it descended to their minor children. There is no question but that the court had power in the divorce action to award the half belonging to the defendant, or any part of it, to the plaintiff, or to render a judgment for a sum of money and make it a specific lien thereon which would take precedence of a homestead exemption. But to do either it was necessary that the property should have been brought before the court (*Webster v. Webster*, 2 Wash. 417, 26 Pac.

864), and the proper way to have done this was to describe it in the pleadings. *Bamford v. Bamford*, 4 Or. 30. If the property was not brought into said case by either party, the court had no jurisdiction over it and could not dispose of it therein, nor create a specific lien thereon. It was for the plaintiff in this case to show that the facts were such as to give the court this authority, and in the absence of any showing to that effect, the judgment rendered in favor of the plaintiff therein could not be made a lien upon the defendant's property except by an execution levy, or by causing the judgment to be recorded in the office of the county auditor, under § 449, Code Proc., when, as in the case of other judgments, it would become a lien upon his real estate; but in either of these cases the defendant's right to a homestead exemption would be a paramount claim.

The only attempt to establish a lien in the decree was by the clause above quoted therefrom, and this was insufficient under the circumstances, at least to establish a specific lien which would take precedence of the right to a homestead exemption, and there could be no presumption that it did, because it did not purport to establish any lien upon any particular property. The fact that the judgment was in favor of the wife would make no difference. Thompson on Homesteads, §§ 79, 80. The court found, in the findings of fact in said divorce action, which were introduced in evidence in this action, "that the defendant is the owner of one hundred and sixty acres of land in this county and personal property, altogether of the value of seven thousand dollars." The only reference to such property is contained in this language.

Under § 481, Code Proc., every householder, being the head of a family, could select a homestead not exceeding $1,000 in value, which was exempt from execution while occupied as such by such householder, or his or her family,

and such homestead could be selected at any time before sale. No way was pointed out as to how the same should be selected. Sec. 346, p. 72, Laws 1877, made provision for a like homestead exemption, but required the person claiming the same to cause the word "homestead" to be entered of record on the margin of his recorded title to such lands to obtain the benefit of such exemption, and was silent as to when the same should or could be done. This provision with reference to the entering of the word "homestead" was dropped from the compilation of 1881, and in lieu thereof was added the following clause, viz.: "Such homestead may be selected at any time before sale." Sec. 342. Appellant contends that § 346, Laws 1877, aforesaid, is in force in this particular, and as the defendant did not cause the word "homestead" to be so entered of record, he was not entitled to any homestead exemption. But, without going into any discussion of this subject, we are of the opinion that such provision was repealed by the 1881 Code. See §§ 762, 3319, 3320 and 3325; also *Graetz v. McKenzie*, 3 Wash. 194 (28 Pac. 331); *Marston v. Humes*, 3 Wash. 267 (28 Pac. 520).

Sec. 484, Code Proc., which was § 345 of the 1881 Code, provides that a creditor may have a "homestead claimed under the provisions of this act" sold under execution upon making and filing an affidavit that it exceeds $1,000 in value, and if it sells for more than that sum the excess applies upon the execution debt, and the $1,000 exempted belongs to the homestead claimant. No sale could be had unless the sum bid exceeded $1,000.

The statute is somewhat indefinite when it speaks of a homestead "claimed under the provisions of this act," no way being specified as to how the same shall be claimed, and no definite time fixed, only that it may be done at any time before sale. We do not think it was the intention to require the homestead claimant to attend the proposed sale

and make proclamation of his rights and claims in this regard, for he might have no knowledge of such proposed sale although legal notice thereof was given.    Nor is he required to notify his creditors.    Such exemptions being necessary to the welfare and protection of the family, and designed to prevent the absolute destruction of the home, are favored in law and ought not to be subject to defeat by reason of any such failure or omission.    It is necessary that the homestead should be occupied as such, and this is probably the only way by which it can be selected under our present laws; certainly it is the most effectual way, and the defendant with his family was so occupying the land in question during all of said times, and appellant was bound to take notice of such occupancy when he purchased; in fact, he had actual notice.    He is also chargeable with notice of the prior proceedings in said case by virtue of which the sale of said lands was attempted, and of the fact that no affidavit had been filed as required by § 484 aforesaid.    Furthermore, that the same could not be sold except for a price in excess of $1,000, and this for the undivided half interest of the defendant.    Appellant's bid of $1,600 was for the whole tract, and although there was no authority for selling the undivided half belonging to said children, the situation would not be altered.

It follows that such purported sale was void, and consequently the irregular proceedings by which a confirmation thereof was attempted could not lend any force to it, and were without effect.

Affirmed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J.—I think plaintiff showed good title to an undivided one-half of the land.