[No. 7108. Decided March 19, 1908.]

## North Pacific Loan and Trust Company, *Appellant*, v. Charles M. Bennett *et al.*, *Respondents*.[1]

Constitutional Law—Class Legislation—Mortgages—Possession During Redemption. Laws 1899, p. 94, §15, providing that mortgaged premises occupied as a homestead by the mortgagors shall remain in their possession during the period of redemption is not unconstitutional as granting special privileges to any class of citizens.

Mortgages — Foreclosure — Possession During Redemption — Covenants. Covenants of warranty in a mortgage do .not prevent the mortgagors from claiming the right to occupy the homestead during the period of redemption, under Laws 1899, p. 94, § 15 providing therefor, which was in force when the mortgage was executed.

Same—Time for Claiming Possession—Homestead—Exemptions. Since Laws 1899, p. 94, § 15, providing that mortgagors are entitled to the possession of a homestead during the period of redemption from sale, is to be liberally construed as an exemption law, a homestead claim is in time if asserted after sale while the mortgagors are still in possession of the property.

Same—Amount—Segregation. Objection cannot be made that a homestead occupied by mortgagors during the period of redemption from sale exceeds in value the statutory homestead exemption, where no proceedings were sought to appraise or segregate the exempt portion or amount.

Appeal from an order of the superior court for Spokane county, Poindexter, J., entered June 1, 1907, denying a writ of assistance to obtain possession of mortgaged premises sold under foreclosure and claimed by the mortgagors during the period of redemption under a right of homestead therein. Affirmed.

*A. D. McLaren,* for appellant.

*Clausen & Crane,* for respondents.

Root, J.—To secure the payment of two promissory notes, respondents Bennett gave a mortgage upon certain real estate

[1]Reported in 94 Pac. 664.

in Spokane county. Default in payment having been made by mortgagors, appellant foreclosed upon the property in question and, at the sale thereof, became the purchaser. The mortgagors were in possession of the property at the time of the sale, and declined to surrender possession to the purchaser. The latter applied for a writ of assistance. Upon return on an order to show cause, the mortgagors filed an affidavit and declaration of homestead, and claimed the right to remain in possession of the property during the period of redemption, under the provisions of Laws 1899, p. 94, chap. 53, § 15 (Pierce's Code, § 888). Thereupon the trial court denied the petition for a writ of assistance. From this order of denial, the present appeal is prosecuted.

Appellant, in support of its claim for a reversal, urges five contentions, as follows: (1) That the provision of the statute referred to *supra*, reading as follows: "Provided, further, that in case of any homestead occupied for the purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation," is unconstitutional because in violation of the following constitutional provision: "No law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations." Const., art. 1, § 12. (2) A mortgage containing covenants of warranty prevents the mortgagor therein from doing any act which would be contrary to his covenant to defend the title. (3) That a homestead cannot be claimed by a judgment debtor after an execution or foreclosure sale of the premises described in his declaration of homestead. (4) That the homestead herein claimed is admittedly of greater value than by law exempted for such purpose. (5) That where a homestead exemption is claimed, only such premises or part thereof as are occupied by the judgment debtor for the purpose of a residence for himself and family and not exceeding $2,000 in value will be allowed.

We are unable to agree with any of these contentions. The statute in question is in the nature of an exemption law, and is a declaration of the state's public policy relative to premises occupied by a judgment debtor as a homestead. It acts equally and impartially upon all such debtors so situated. This is sufficient to dissipate the charge that it contravenes the constitutional provision invoked. *State ex rel. Luria v. Wagener*, 69 Minn. 206, 72 N. W. 67, 65 Am. St. 565, 38 L. R. A. 677; 6 Am. & Eng. Ency. Law (2d ed.), 80.

As to appellant's second proposition, it is sufficient to answer that the covenants of warranty in the mortgage must be read with this statute which was in force at the time the mortgage was executed.

Appellant's third contention calls for a strict construction of the law, whereas courts have almost universally given a liberal construction to statutes of this character. In view of their benevolent purpose, it is highly appropriate that they should be liberally construed. 15 Am. & Eng. Ency. Law (2d ed.), 523. Inasmuch as the judgment debtors asserted their homestead claim while yet in the possession of the premises, we think it was within due time. *Anderson v. Stadlmann*, 17 Wash. 433, 49 Pac. 1070; *Wiss v. Stewart*, 16 Wash. 376, 47 Pac. 736; *Philbrick v. Andrews*, 8 Wash. 7, 35 Pac. 358.

As to the fourth and fifth contentions, it may be observed that no proceedings to appraise or segregate the portion or amount exempt have been attempted, and it is doubtful if such are contemplated under the statute in a case of this kind. It is unnecessary, however, to pass upon the latter question.

Finding no error in the order of the trial court, the same is hereby affirmed.

HADLEY, C. J., FULLERTON, CROW, and MOUNT, JJ., concur.