[No. 8193.   Department One.   November 23, 1909.]

AUGUSTA HOOKWAY, *Guardian of Walter F. Heimann, a Minor, Respondent,* v. SADIE V. THOMPSON, *Appellant.*[1]

HOMESTEADS—WHEN ATTACHES—MORTGAGE PRIOR TO DECLARATION —SEPARATE PROPERTY OF HUSBAND.   The selection by a wife of a homestead from the husband's separate property does not defeat the lien of a prior mortgage thereon taken from the husband in good faith; since, under Bal. Code, § 5246, the homestead right attaches only "from and after the time the declaration is filed for record," regardless of occupancy.

Appeal from a judgment of the superior court for King county, Main, J., entered March 17, 1909, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, after a trial on the merits before the court without a jury. Affirmed.

*George W. Saulsberry* (*L. Y. Devries,* of counsel), for appellant.

*Aust & Terhune,* for respondent.

GOSE, J.—This action was instituted by the respondent to foreclose a mortgage on lot 2, in block 4, of McGraw's Washington Park addition to the city of Seattle. The complaint contains the usual averments in the foreclosure of a real estate mortgage, and further alleges that, since July 20, 1907, James Thompson and the appellant, Sadie V. Thompson, have been husband and wife; that, at the time of the marriage, James Thompson was the owner of the mortgaged property; that on September 20, 1907, James Thompson borrowed from the respondent the sum of $1,400, and for the purpose of securing its payment he, upon that date, executed and delivered to her a mortgage upon the property, describing himself as an unmarried man.   The prayer is for

[1]Reported in 105 Pac. 153.

a foreclosure of the mortgage, a sale of the mortgaged property, and an adjudication that the appellant wife has no interest in the property.

The appellant, Sadie V. Thompson, in her separate and amended answer, admits that she was married to her codefendant on July 20, 1907; admits that he was the owner of the property at the time of the marriage; and alleges affirmatively that, immediately after the marriage, she and her codefendant moved onto the premises and into the house situate thereon, and that she has since occupied the same as a homestead for herself and her husband; that she has no other home or homestead; that her husband is absent from the state at a place unknown to her; that he refused to claim the property as a homestead; and that on June 15, 1908, she executed and filed with the county auditor of the county where the property was situate a declaration of homestead on the property, for the joint use and benefit of herself and husband, and that she has expended her separate funds in improving the property. The action was commenced on March 4, 1908, and as we have stated, the declaration of homestead was executed and filed on June 15 following. A demurrer was interposed to the answer on the ground that it did not state facts sufficient to constitute a defense. From a judgment sustaining the demurrer, the appeal is prosecuted.

The single question presented for determination is whether a mortgage executed by a husband upon his separate real estate to secure a contemporaneous loan is valid and enforcible against a subsequent declaration of a homestead on the part of the wife. The question to this extent is a new one in this court, and its determination necessitates an examination of our homestead statutes. The applicable provisions are contained in Ballinger's Code, and are as follows:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is sit-

uated, selected as in this chapter provided." Bal. Code, § 5214 (P. C. § 5456).

"If the claimant be married the homestead may be selected from the . . . separate property of the husband." Bal. Code, §5215 (P. C. §5457).

"In order to select a homestead the husband or other head of a family, or in case the husband has not made such selection, the wife must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record." Bal. Code, §5243 (P. C. §5485).

"From and after the time the declaration is filed for record the premises therein described constitute a homestead." Bal. Code, §5246 (P. C. §5488).

Under the prior law, Code of 1881, §342, the homestead could be selected at any time before sale. In construing that statute, we held that no formal declaration was necessary in the selection of a homestead, but that its mere occupancy as such by the owner and his family constituted a selection. *Philbrick v. Andrews*, 8 Wash. 7, 35 Pac. 358; *Anderson v. Stadlmann*, 17 Wash. 433, 49 Pac. 1070. The appellant urges that we have adopted the same construction of the present statute, and cites in support of the contention, *Wiss v. Stewart*, 16 Wash. 376, 47 Pac. 736; *Anderson v. Stadlmann, supra; Ross v. Howard*, 25 Wash. 1, 64 Pac. 794; *Whitworth v. McKee*, 32 Wash. 83, 72 Pac. 1046; *Curry v. Wilson*, 45 Wash. 19, 87 Pac. 1065; *North Pacific Loan & Trust Co. v. Bennett*, 49 Wash. 34, 94 Pac. 664, and a case from this state, *In re Thompson*, 140 Fed. 257. In all these cases except the *Bennett* case, the homestead had been selected by occupancy under the law of 1881. While in some of the earlier cases cited the court remarked that the new law changed the old law as to the manner of selection but not as to the time of selection, the fact remains that the language was used in construing the old law. This is made clear and the position of the court as to the relation of the present statute to the prior one well stated by Chief Justice Fuller-

ton, in *Whitworth v. McKee, supra,* at page 99, in the following language:

"We agree with counsel that the later statute so far superseded the earlier one that no new homestead right can now be acquired under it, or could have been so acquired since the passage of the later statute. . . ."

He then pointed out that a homestead selected by occupancy under the old law was a vested interest, or an estate which could not be destroyed by the repeal of the law under which it was acquired. The same view is announced in *Donaldson v. Winningham,* 48 Wash. 374, 93 Pac. 534. It would seem that the meaning of the present law as to the time and manner of selection of a homestead, and as to when and how a homestead right is created, is so clear as to make it certain that a homestead can only be selected by the execution and filing of a homestead declaration, and that the premises constitute a homestead only from and after the time the declaration is filed for record. The words of the statute "from and after the declaration is filed," mean that the homestead is brought into existence by the doing of the several statutory acts by the claimant, and that it exists and speaks from the date of the filing and not otherwise. The appellant acquired no homestead right by occupancy. There is nothing in the statute which remotely suggests that occupancy even initiates the right. A party executing a declaration of homestead must state, either that he is residing on the premises selected, or that he intends to reside thereon, and that he claims them as a homestead. It may be remarked that there is no provision in the law for the abandonment of the homestead by a discontinuance of possession, but that the statute expressly provides that a declaration of abandonment is effectual only from the time it is filed in the office in which this homestead was recorded.

One of the most valuable aids in the interpretation of a remedial statute is to consider the old law, the mischief, and the remedy, and it is the business of the courts so to construe

the law as to suppress the mischief and advance the remedy. 1 Cooley's Blackstone, *page 88. The mischief of the old law was that a homestead right could be impressed upon real estate without the record giving any notice of its existence. The remedy intended by the statute was that such right could only be created by the filing of a declaration of homestead, and that it could only be abandoned by the filing of a declaration of abandonment. The evident purpose of the statute was that a homestead should exist in virtue of the record only. The spirit pervading the entire law negatives the view that upon the filing of a declaration of homestead it operates retroactively and defeats a preexisting right.

"The homestead right and the joint interests are created by the executing, acknowledging, and recording of the declaration. The new character of the estate, with its new incidents, commences at that moment and the new rights vest in both parties [meaning husband and wife] at the same time." *Barber v. Babel,* 36 Cal. 11.

In *Gleason v. Spray,* 81 Cal. 217, 22 Pac. 551, 15 Am. St. 47, in construing the words, "A declaration of abandonment is effective only from the time it is filed in the office in which the homestead is recorded," it was said:

"This last section, it is to be observed, fixes the time when the homestead character of the property is extinguished by abandonment, and does not give the abandonment any retroactive operation."

It was held in this case that a conveyance of the homestead after the filing of a declaration of abandonment took precedence over one executed while the property was a homestead. The court remarked that the words "from the time" must have been used advisedly. The provision of our statute, Bal. Code, §5246, and the section in relation to the abandonment of a homestead, are literal transcripts from the California statute construed in the *Gleason* case. If the words *"from the time"* speak only in the future, the stronger words declaring that the premises described in the declaration shall

constitute a homestead *"from and after the time"* it is filed, cannot be construed as having any retroactive force. This construction is supported by the following cases: *Titman v. Moore*, 43 Ill. 169; *Reinbach v. Walter*, 27 Ill. 393; *Smith v. Richards*, 2 Idaho 498, 21 Pac. 419; *Hines v. Duncan*, 79 Ala. 112, 58 Am. Rep. 580; *Bullene v. Hiatt*, 12 Kan. 98; *Hook v. Richeson*, 115 Ill. 431, 5 N. E. 98; *Davies-Henderson Lumber Co. v. Gottschalk*, 81 Cal. 641, 22 Pac. 860; *Tuttle v. Howe*, 14 Minn. 145, 100 Am. Dec. 205; *McCormick v. Wilcox*, 25 Ill. 274; *Symonds v. Lappin*, 82 Ill. 213.

The language in the *Bennett* case was used in construing Laws of 1899, page 94, §15, which provides that the occupant of a homestead shall remain in possession of it after the foreclosure of a mortgage and until the time for redemption has expired. To the extent that it conflicts with this opinion it is overruled. To the same extent *Waldron v. Kineth*, 41 Wash. 459, 84 Pac. 16, 111 Am. St. 1022, is also overruled, the controlling question there being the right of one having a homestead to object to confirmation of sale.

It follows from what we have said that the lien of a mortgagee in good faith cannot be defeated by the filing of a declaration of homestead subsequent to the execution and filing of a mortgage. The judgment will therefore be affirmed.

RUDKIN, C. J., FULLERTON, and CHADWICK, JJ., concur.

MORRIS, J., took no part.