[No. 13622.   Department One.   May 21, 1917.]

Henry Washburn, *Respondent*, v. Inas Wilen *et al.*,

*Appellants.*[1]

Mortgages — Foreclosure — Possession During Redemption —
Homestead—Farming Land—Statutes—Construction. Rem. Code,
§ 602, providing that the judgment debtor shall have a right to re-
tain possession of any homestead occupied for that purpose at the
time of sale during the period of redemption, has reference only to
the "homestead" as defined in Id., §§ 528, 558 to 561, requiring a
homestead to be selected as therein provided, filed for record and re-
corded, from which time it shall constitute a homestead; hence, on
mortgage foreclosure sale of two acres just outside of city limits,
occupied by the mortgagors as a home, with a dwelling-house, barn,
chicken houses, and well, the balance of the land being planted to
fruit trees and used for raising wheat and potatoes, but which had
never been selected as a homestead as required by law, the mort-
gagors are not entitled to retain possession of the house, buildings
and well as a homestead, during the period of redemption, but only
of the land farmed, under the provision of Id., § 602, providing that,
if the land is used for farming purposes, the judgment debtor shall
have the right to retain possession during the period of redemption.

Appeal from an order of the superior court for Kittitas
county, Kauffman, J., entered April 21, 1916, in favor of the
plaintiff, after a trial before the court on an agreed state-
ment of facts, in a contest for the possession of real property
during the period allowed for redemption from foreclosure
sale. Affirmed.

*John H. McDaniels*, for appellants.

*E. K. Brown*, for respondent.

Ellis, C. J.—This case presents a contest for the posses-
sion of real property sold on foreclosure of a mortgage, dur-
ing the period allowed by statute for redemption.

In September, 1912, defendants mortgaged the premises to
plaintiff for $3,000. The mortgage provided that, in case
of foreclosure, the purchaser at sale should have immediate

[1]Reported in 165 Pac. 403.

possession, and in terms waived any homestead right. The mortgagors defaulted in payment of interest and the mortgagee brought action to foreclose. Defendants were personally served, but. made no appearance. An order of default was entered and a judgment against them for the amount due, and a decree foreclosing the mortgage and ordering a sale of the premises was rendered. At the sheriff's sale plaintiff purchased the property, bidding the full amount of his judgment. The sale was confirmed. Defendants refusing to surrender possession, plaintiff petitioned for a writ of assistance, setting out the pertinent provisions of the mortgage. Defendants resisted, claiming the right to retain possession during the redemption period on the ground that they occupied the premises as their homestead and for farming purposes. The matter was submitted to the trial court on a statement of agreed facts. From this it appears that the lands are two acres just outside the city limits of Ellensburg. Upon the premises is a brick house, in which defendants resided when the mortgage was given, and in which they have ever since resided and still reside. There is also a barn, a chicken house, and a well. The place is planted to fruit trees not yet bearing. Defendants have been raising wheat and potatoes between the rows. They have never filed any declaration of homestead in the auditor's office.

The court ordered that a writ of assistance issue directing the sheriff to put plaintiff in possession of the parts of the premises actually occupied by the house, barn, chicken house, and well, with access thereto, leaving the remainder of the tract, as farming land, in possession of defendants. Plaintiffs are content with this order. Defendants appeal.

Several questions are discussed in the briefs, but as we view the case, the order must be affirmed upon the ground that no "homestead" in these premises, within legal contemplation, has ever been acquired, selected, or occupied as such by appellants. The homestead right is a purely statutory right. It is defined

in, and exists only by virtue of, the act of 1895 (Laws 1895, p. 109 *et seq.*), entitled: "an act defining a homestead, and providing for the manner of the selection of the same." Its provisions are found in Rem. Code, as § 528 *et seq.* Section 1 defines the homestead as follows:

"The homestead consists of the dwelling-house, in which the claimant resides, and the land on which the same is situated, selected as in this chapter provided." Rem. Code, §528.

Section 30 is as follows:

"In order to select a homestead the husband or other head of a family, or in case the husband has not made such selection, the wife must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record." Rem. Code, § 558.

Section 31 (Id., § 559) prescribes what the declaration must contain; § 32 (Id., § 560) requires it to be recorded in the auditor's office of the county in which the land is situated; and § 33 provides that:

"From and after the time the declaration is filed for record the premises therein described constitute a homestead." Rem. Code, § 561.

In *Hookway v. Thompson,* 56 Wash. 57, 105 Pac. 153, it is asserted, and we still think soundly, that the self-evident purpose of this statute is that a homestead shall "exist in virtue of the record only," and further:

"It would seem that the meaning of the present law as to the time and manner of selection of a homestead, and as to when and how a homestead right is created, is so clear as to make it certain that a homestead can only be selected by the execution and filing of a homestead declaration, and that the premises constitute a homestead only from and after the time the declaration is filed for record. The words of the statute 'from and after the declaration is filed,' mean that the homestead is brought into existence by the doing of the several statutory acts by the claimant, and that it exists and speaks from the date of the filing and not otherwise. The appellant

acquired no homestead right by occupancy. There is nothing in the statute which remotely suggests that occupancy even initiates the right."

Appellants argue, in substance, that, since the exact issue there involved was one of exemption from execution of the homestead, and the issue here is one of possession of the homestead pending the redemption period, therefore, the real question here involved was not decided in that case. It is true, the occasion or purpose of the inquiry in the two cases was different, but the fundamental question is precisely the same —What is the "homestead," and when and how is it created or asserted? When that primary question is answered, as it must be by a reference to the quoted sections, other and different sections of the code determine the two secondary or subordinate questions of exemption of the homestead from execution and possession of the homestead pending redemption. Counsel fails to note that the provisions of the act of 1895 which we have quoted contain no mention either of exemptions or of possession pending redemption. He insists on treating the entire act of 1895 as only an exemption statute merely because other parts of it treat of exemptions, whereas the quoted provisions define and create the homestead as a legal concept and are the only provisions in our statutes which do.

The statute governing the right of possession of real property sold on execution or under foreclosure during the redemption period was passed in 1899 (Laws of 1899, p. 93, § 15; Rem. Code, § 602). It provides that the purchaser at such sale shall have possession until a resale or redemption, and the redemptioner until another redemption; saves the rights of tenants; provides that, when the mortgage contains a stipulation to that effect, the mortgagor may retain possession during the redemption period; provides that, if the land is used for farming purposes, the judgment debtor shall have the right of possession during the redemption period, subject to a lien on the crops raised for interest at six

per cent per annum on the purchase price and for taxes and interest; and provides further:

"That in case of any homestead occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation."

This section refers to other lands as well as the homestead. While it uses the term "homestead," it does not define it. Yet appellants tie their whole case to the last proviso above quoted, arguing that it creates by implication a homestead founded in possession alone, and independent of the act of 1895, which expressly creates and defines the homestead. In the *Hookway* case, this court held that the act of 1895 was passed for the very purpose of abrogating the prior law permitting the assertion of a homestead right founded in mere occupancy. To say that the subsequent act of 1899 recognizes a homestead, evidenced by the sole fact of possession, would be to create by implication a distinct kind of homestead, when that implication is not only not a necessary implication, but is contrary to the elementary rule that statutes *in pari materia* must be construed together. By the definition in the act of 1895, occupancy by residence therein of the claimant is essential to the creation of the homestead; so, also, is its selection "as in this chapter provided." But continued occupancy, after selection by the filing of the written declaration, is not essential to the continued existence of the homestead right. This is manifest from the further provision that the homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged (Rem. Code, § 535; Laws '95, p. 110, § 7), which shall be effectual only from the time it is filed (Rem. Code, § 536; Laws '95, p. 110, § 8). *Schoenheider v. Tuengel, ante* p. 103, 164 Pac. 748.

It is plain, therefore, that the provisions in the act of 1899, making the right to *retain* possession of the homestead dependent upon occupancy thereof by the claimant at the time

of the sale, were intended as a limitation upon, rather than as an extension of, the homestead right.    The conclusion is irresistible that, in order to retain possession of the premises, they not only must be occupied by the claimant at the time of sale, but must have been selected as a homestead prior to the sale by the filing of the declaration prescribed by law for such selection.    We so held in *State ex rel. Jakubowski v. Superior Court*, 84 Wash. 663, 147 Pac. 408, and that holding was not dictum as appellants claim.    In that case the mortgagors sought to retain possession under a declaration of homestead filed after the foreclosure sale.    That question had to be decided independently of the question of *res judicata*, since it was based on facts arising subsequent to the decree of foreclosure, which decree was urged as *res judicata*.

It is true that, in the case of *North Pacific Loan & Trust Co. v. Bennett*, 49 Wash. 34, 94 Pac. 664, this court held, in substance, that a declaration of homestead filed after sale retroactively created a homestead as of the date of sale by reason of a continued possession; but that view is in direct conflict with, and is expressly overruled by the decision in the *Hookway* case.    But even if we still adhered to the view expressed in the *Bennett* case, it would not avail appellants here.    They filed no declaration of homestead, either before or after the sale.    For that reason, also, we find it unnecessary to decide whether a homestead declaration can be effectual for any purpose as against a prior mortgage containing, as does the mortgage here, a waiver of the homestead right and stipulating that the purchaser at sale shall have immediate possession.

The order appealed from is affirmed.

MORRIS, WEBSTER, MAIN, and CHADWICK, JJ., concur.