[No. 24656. *En Banc.* March 7, 1934.]

PARAMOUNT SECURITIES COMPANY, *Appellant,* v. J. T. TASKER *et al., Respondents.*[1]

*Edward J. Crowley* and *Richard G. McCann,* for appellant.

*W. H. Sibbald,* for respondents.

GERAGHTY, J.—This is a controversy involving a claim of homestead.

Defendants, J. T. Tasker and Effie M. Tasker, being the owners of the north half of lots 3 and 4, block 28, Original Town of Kelso, mortgaged the east sixty-two feet of the tract, upon which stood a duplex dwelling. The west thirty-eight feet of the tract was not included in the mortgage. Suit was instituted in the superior court of Cowlitz county to foreclose the mortgage, and a decree was entered November 7, 1932.

[1]Reported in 29 P. (2d) 920.

Prior to this, and on July 29, 1932, the plaintiff, Paramount Securities Company, obtained a personal judgment in the superior court of Pierce county against the defendants for something over two hundred dollars. On August 22, 1932, execution issued on this judgment, directed to the sheriff of Cowlitz county, who levied upon the west thirty-eight feet of the north half of lot 4.

On September 14, 1932, the defendants filed a homestead declaration on the north half of lots 3 and 4. The sheriff of Cowlitz county was apparently unwilling to proceed with the sale until the rights of the defendants under their homestead declaration had been passed upon by the court; and on January 22, 1933, the sale having been deferred in the meantime, the plaintiff procured an order from the superior court of Pierce county, directed to the defendants, requiring them to show cause why they should not desist from interfering with the sale of the premises by the sheriff under the writ, and further to show cause why their claim of homestead upon the west thirty-eight feet of lot 4 should not be declared invalid.

The matter was heard by the court on February 3, 1933, and at the close of the hearing, the presiding judge orally announced his decision, holding the homestead claim valid. Before the entry of a formal order, however, the plaintiff moved for a reopening of the case, and was permitted, on March 4th, to introduce further documentary evidence; the defendants not appearing at this hearing. The trial judge took the matter under advisement, and, on March 7th, filed a memorandum opinion, in which he reaffirmed the view expressed at the close of the March 4th hearing, and signed an order denying plaintiff's motion to enjoin the defendants and confirming the homestead claim.

Thereafter, on March 10th, the plaintiff filed a motion to vacate the order of March 7th and to reopen the case, on the ground of irregularity in the entry of the order, and upon the further ground of newly discovered evidence. This motion was heard and taken under advisement on March 18th. On March 23rd, the court filed a memorandum opinion denying the motion to reopen, and a formal order to that effect was entered April 1st. The plaintiff appeals.

The appellant assigns as error: (1) The making and entering of the order of March 7th confirming respondents' homestead claim; and (2) the making and entering of the order of April 1st denying appellant's motion to vacate the order of March 7th to reopen the hearing.

At the hearing on the merits, the respondent J. T. Tasker testified that, after building the duplex dwelling, he and his wife lived in it for four years, when, owing to the depression and lack of work in Kelso, he went to Montana for two summers and later to California, but had never abandoned his home in Kelso nor registered nor voted anywhere else; that, during the period of his absence, his household furniture was left in the duplex dwelling in Kelso; that he and his wife came back, intending to reoccupy the dwelling, but found that the holder of the mortgage had taken possession of the premises and some of his furniture and had disposed of the rest of it, and that, on this account, he went to Tacoma, where he was staying with a son-in-law at the time the suit was instituted. His last registration for voting was at Kelso, about two years before the hearing. On being asked by the court as to the duration of his visit with his son-in-law in Tacoma, he said he and his wife expected to get back as soon as they could in the spring and put a building on the corner lot and make a little home.

It must be admitted that the case made by respondents approached the border line, but the trial court, having in mind the principle that the homestead law is to be liberally construed, was warranted, we think, in resolving the doubt in favor of the respondents' claim. The homestead claim, as filed, covered the whole of the tract upon which the duplex dwelling stood. This had been the home of the respondents during the time they were in Kelso, and might very well be considered, for the purpose of their homestead claim, the place of their permanent residence, notwithstanding enforced absences owing to economic stress during the period the husband sought work elsewhere. The fact that the mortgage upon the duplex dwelling had been foreclosed did not preclude their filing a declaration of homestead upon it, to the extent of their equity, until title had finally passed. As said by the trial judge in one of his memorandum opinions, the fact that respondents might lose a portion of their homestead by foreclosure did not take away their right to the remainder. We are in agreement with the finding of the lower court.

As to the second assignment, an examination of the record discloses that the trial judge was extremely liberal in the opportunity afforded appellant to present its case. We quote the memorandum opinion of the trial judge, filed March 23rd, which is supported by the record and disposes of appellant's second assignment:

"This matter came on originally for hearing on the 3d day of February, 1933, and the court denied the plaintiff's motion to enjoin the defendants and declare the homestead invalid by order made March 6, 1933, in an oral opinion, stating the reasons therefor.

"Although the original hearing was in February, on the 4th of March there was a motion to reopen that

hearing. Defendants' attorney did not appear, but plaintiff's attorney submitted his brief. The court took the matter under advisement, and probably did say that defendants would be granted ten days in which to reply thereto.

"However, the court evidently deeming it unnecessary for defendants to so reply, did on the 7th day of March sign the order complained of.

"The plaintiff now moves to vacate the order of the 7th of March and reopen the hearing because, among other things, the defendants did not have their ten days time. If the court had decided against the defendants without waiting for their brief, the defendants would have some grounds for complaint, but the court's decision in defendants' favor, without calling upon them for a brief, does not furnish the plaintiff with any ground for complaint.

"The court heard all plaintiff desired to present and even allowed him, on the 4th of March, to introduce further testimony in the absence of the defendants, so I fail to see how plaintiff can justly complain, conceding it might have been better to have advised plaintiff's counsel that the court would decide the case on a certain day, the proceeding taken was not improper.

"Further objection is made that plaintiff has been deprived of its right to propose findings of fact and a form of order, but this was simply a hearing of an application made from an order requiring defendants to desist to have a hearing in Cowlitz county on a sale under execution and is an equitable proceeding on which no findings of fact are necessary.

"No reason given satisfies the court that the order entered March 7, 1933, should be vacated and the hearing again reopened. That motion, therefore, is denied."

The judgment of the lower court will be affirmed.

MITCHELL, TOLMAN, HOLCOMB, STEINERT, and MILLARD, JJ., concur.

BLAKE, J. (dissenting)—Rem. Rev. Stat., § 528, provides:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated."

The majority, in effect, hold that, where a homestead is declared on property, only a portion of which is occupied by a "dwelling house," the declarant may part with his title to the portion of the property upon which the "dwelling house" stands and still maintain his homestead rights in the vacant portion of the property remaining. I cannot subscribe to such construction of the statute.

BEALS, C. J., and MAIN, J., concur with BLAKE, J.