[No. 25419. *En Banc.* September 30, 1935.]

SEATTLE TRUST COMPANY, *Appellant,* v. G. M. STEPHENS et al., *Respondents.*[1]

*Evert Arnold,* for appellant.

*Newton & Williams,* for respondents.

BLAKE, J.—May 7, 1934, a judgment was entered in this action in favor of plaintiff, foreclosing a mortgage on certain real property owned by defendants. On May 8, an order of sale was issued under which the sheriff levied upon the mortgaged property. The sheriff's sale was had on June 16. The property was bid in by the plaintiff. A certificate of sale was duly executed by the sheriff and delivered to the plaintiff. The property being vacant at the time of sale, plaintiff took

[1]Reported in 49 P. (2d) 463.

possession, made some improvements, and, on July 10, rented the property to one Burns, at $37.50 a month.

On July 11, the court, on motion of defendants, made an order requiring plaintiff to appear and show cause why it should not be required to surrender possession of the property to defendants. Upon hearing, the court entered an order requiring plaintiff to surrender possession of the property to defendants, and enjoining it from interfering with defendants' possession during the period of redemption. From this order, plaintiff appeals.

The hearing was had on affidavits, from which it appears that respondents had seasonably declared a homestead on the property; that, prior to April 8, 1933, respondents had occupied the property as a home; that, through economic stress, they were then compelled to move to Olympia; that they vacated the house with the intention of returning; that, at all times, they regarded it as their home; that the property was vacant at the time of sheriff's sale and had been vacant from April 8, 1933, to July 10, 1934.

It may be conceded that the facts bring the case within the rule of *Paramount Securities Co. v. Tasker,* 176 Wash. 523, 29 P. (2d) 920. The court there upheld a homestead declaration, under somewhat similar facts and circumstances, against an attempted sale under a general execution.

But that is not the case here presented. We are concerned only with the rights of possession, during the period of redemption, as between a judgment debtor and a purchaser at a sale under execution. Their rights are specifically defined by Rem. Rev. Stat., § 602 [P. C. § 7917]. So far as it affects this case, the statute provides:

"The purchaser from the day of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be en-

titled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the period of redemption: . . . provided further, that in case of any homestead selected in the manner provided by law *and occupied for that purpose at the time of sale,* the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation.''

It seems to us this language is too plain for construction. The order appealed from could be sustained only by reading the italicized phrase out of the statute. While conditions of economic stress may call forth extraordinary legislative measures *(Home Building & Loan Ass'n v. Blaidsell,* 290 U. S. 398, 54 S. Ct. 231, 88 A. L. R. 1481), they do not warrant the assumption by the courts of legislative functions. To ignore the italicized phrase would be tantamount to amendment of the statute.

It may be well to say that we have not overlooked the cases of *In re Murphy's Estate,* 46 Wash. 574, 90 Pac. 916, and *McNulty v. Dean,* 154 Wash. 110, 281 Pac. 9, 66 A. L. R. 1417. In the first case, construction of Rem. Rev. Stat., § 602 [P. C. § 7917], was not under consideration at all. The second involved the construction of the second proviso, relating to the right of possession, during the period of redemption, of land used for farming purposes. Even by analogy, the case cannot be considered as authority in construing the third proviso, with which we are here concerned. For, as we said in *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819:

''Now, it is a rule of construction that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso

is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause, and those who set up any such exception must establish it as being within the words, as well as within the reason, thereof.''

Respondents, having failed to bring themselves within the terms of the third proviso of Rem. Rev. Stat., § 602 [P. C. § 7917]', are not entitled to possession of the property during the period of redemption.

The order appealed from is reversed.

TOLMAN, MAIN, BEALS, MITCHELL, and STEINERT, JJ., concur.

HOLCOMB, J. (dissenting)—Under the evidence in the record, it is clear that respondents did not abandon their homestead in the property, but that they were absent therefrom temporarily, with the fixed intention to return to and occupy it as a homestead. No declaration of abandonment was ever filed.

Under our statutes and decisions, they are entitled to continue to hold it as a homestead.

The judgment should be affirmed.

MILLARD, C. J., and GERAGHTY, J., concur with HOLCOMB, J.