[No. 25709. *En Banc.* October 26, 1935.]

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellant,* v. VERA L. EWING, *Respondent.*[1]

[1]Reported in 50 P. (2d) 894.

*James Tynan,* for appellant.

*Samuel R. Stern* and *Gordon E. Metcalfe,* for respondent.

MAIN, J.—The Prudential Insurance Company, as mortgagee, foreclosed a mortgage upon a lot in the city of Seattle, which had been improved with a dwelling house. Under the foreclosure proceedings, the property was sold February 23, 1935, and purchased by the mortgagee. At this time, the premises were occupied by a tenant who was paying rent to the mortgagor, Vera L. Ewing. Mrs. Ewing had not resided on the premises for a number of years, but the property had been occupied by various tenants.

The tenant occupying the property at the time of the sale vacated the same about April 1, 1935. Thereafter, and on or about April 15, 1935, Mrs. Ewing went to the premises and gained entrance by breaking a window. She moved some articles of furniture into the house and had the locks on the doors changed.

April 18, 1935, in response to an application by Mrs. Ewing, an order was issued requiring the mortgagee, who had been the purchaser at the sale, to show cause why it should not be restrained from interfering with Mrs. Ewing's possession of the property. In response to the show cause order, the purchaser at the foreclosure sale appeared, denied Mrs. Ewing's right to the possession, and sought to have the right to possession to be decreed in it during the redemp-

tion period. The hearing upon the show cause order and the return, at which testimony was taken, resulted in an order adjudging that Mrs. Ewing, the mortgagor, was entitled to the possession of the property as a homestead during the period of redemption and had the right to collect the rents therefrom, and that the purchaser at the same was enjoined from interfering with her possession; from which order the mortgagee, the insurance company, appealed.

The sole question presented is whether the mortgagee or the mortgagor is entitled to the possession of the property during the period of redemption.

■ Rem. Rev. Stat., § 602 [P. C. § 7917], provides that the purchaser, from the date of sale, shall be entitled to the possession of the property and the rents and profits therefrom during the period of redemption, but that, in case of

". . . any homestead selected in the manner provided by law and occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation."

It will be observed that the statute provides expressly that the mortgagor, in order to have the right to the occupancy of the property under a claim of homestead, must be occupying it for that purpose "at the time of sale." From the facts stated, it appears that Mrs. Ewing, the mortgagor, was not occupying the property at the time of sale, had not occupied it for a number of years before, and did not occupy it for a period of about seven weeks thereafter.

In *Washburn v. Wilen*, 96 Wash. 480, 165 Pac. 403, with reference to the statute referred to, it was said:

"It is plain, therefore, that the provisions in the act of 1899, making the right to *retain* possession of the homestead dependent upon occupancy thereof by

the claimant at the time of the sale, were intended as a limitation upon, rather than as an extension of, the homestead right. The conclusion is irresistible that, in order to retain possession of the premises, they not only must be occupied by the claimant at the time of sale but must have been selected as a homestead prior to the sale by the filing of the declaration prescribed by law for such selection."

There is no material difference between the facts in the case we are now considering and those that appeared in the recent case of *Seattle Trust Co. v. Stephens*, 183 Wash. 687, 49 P. (2d) 463, where it was held that one claiming a homestead right during the redemption period after foreclosure and sale, was not entitled to the possession of the premises during that period unless such person occupied the premises at the time of sale.

If the mortgagor, Mrs. Ewing, was not entitled to the possession of the premises during the redemption period, as we have herein found, it necessarily follows that she was not entitled to the rents therefrom. The purchaser at the mortgage foreclosure sale, The Prudential Insurance Company, the mortgagee, was entitled to the possession of the premises in question, and to collect the rents, if any, therefrom.

The order appealed from will be reversed, and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

MITCHELL, TOLMAN, STEINERT, and BEALS, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent on the grounds stated in my dissent in *Seattle Trust Co. v. Stephens*, 183 Wash. 687, 49 P. (2d) 463.

MILLARD, C. J., and GERAGHTY, J., concur with HOLCOMB, J.