[No. 6381–6–II.  Division Two.  February 19, 1985.]

ROSALIE S. SAWYER, *Respondent,* v. VANE O. OSTROM, *Appellant.*

*John A. Barlow,* for appellant.

*Roger D. Knapp,* for respondent.

REED, A.C.J.—Vane Ostrom appeals from a summary judgment quieting title to his house in the name of his ex–wife Rosalie Sawyer. We affirm.

Rosalie Sawyer and Vane Ostrom were divorced on June 14, 1978. Ostrom was awarded the family home while Sawyer was awarded a $3,800 lien on the house, future child support, and a $2,400 judgment for unpaid temporary support. When Ostrom failed to pay the judgment and terminated his support payments, Sawyer, on February 20, 1981, had the house sold at an execution sale for the amounts then due. Although Ostrom had executed a declaration of homestead a month earlier, his attorney neglected to record it until 24 minutes after the house had been sold.

Sawyer then filed the present quiet title action and moved for summary judgment. Because Ostrom's new attorney had a scheduling conflict, he did not appear at the hearing, but instead submitted a brief in opposition. When the motion was heard, Sawyer's attorney argued that she was entitled to summary judgment because Ostrom's homestead was not timely filed and, in any event, did not protect against claims of his dependents. The court granted Sawyer's motion that same day, but did not specify the legal theory upon which it relied.

On appeal, Ostrom argues that the exemption was valid because it was filed on the same "date" as the execution sale. Although there is some dicta supporting his contention, *Hookway v. Thompson,* 56 Wash. 57, 60, 105 P. 153 (1909); *Bank of Anacortes v. Cook,* 10 Wn. App. 391, 397, 517 P.2d 633, *review denied,* 83 Wn.2d 1014 (1974), these cases and the exemption statute also characterize a homestead as existing only from the "time" of the recordation. RCW 6.12.080. Indeed, Ostrom cites no authority actually applying the statute in the manner advocated here. Our courts long have held that an exemption must be filed *before* the homestead is sold, *Security Nat'l Bank v. Mason,* 117 Wash. 95, 99–100, 200 P. 1097 (1921); *Washburn v. Wilen,* 96 Wash. 480, 485, 165 P. 403 (1917), and that its recordation gives it no retroactive force. *Locke v.*

*Collins,* 42 Wn.2d 532, 536, 256 P.2d 832 (1953); *Bank of Anacortes v. Cook,* 10 Wn. App. at 396. Dicta from dissimilar cases does not now persuade us to hold otherwise.

Although Ostrom requests that we address the validity of Sawyer's alternative argument concerning the exemption's ineffectiveness against dependents, we decline to do so. An appellate court decides only those questions necessary for a determination of the case before it, especially when the alternative issue involves statutory construction. *Johnson v. Morris,* 87 Wn.2d 922, 931, 557 P.2d 1299 (1976). Here, we have found that Ostrom's late filing of the exemption precludes his right to a homestead; we need not, and will not, go further.

Judgment affirmed.

PETRICH and ALEXANDER, JJ., concur.